■ FIDELITY AND CASUALTY COMPANY OF NEW YORK, Appellant, v. ANN R. HOLDEMAN et al., Respondents.— In an action by an insurance company to declare that, by reason of the defendant Holdeman's breach of the " cooperation " clause contained in a liability policy which the company had issued to her, it has the right to disclaim all liability under said policy and it is not obligated to defend a certain negligence action brought against her by the codefendant Gordon, the plaintiff insurer appeals from a judgment of the Supreme Court, Westchester County, entered January 5, 1965 after a nonjury trial, upon the court's opinion and decision, which dismissed the complaint on the merits. Judgment reversed on the law and facts, with costs; and judgment directed in the plaintiff's favor, with costs, declaring that plaintiff has the right to disclaim all liability under its policy for the

injuries sustained by defendant Gordon and that plaintiff is not obligated under its policy to defend the defendant Holdeman in the pending negligence action against her by the defendant Gordon. Findings of fact implicit or contained in the trial court's decision, insofar as they may be inconsistent herewith, are reversed, and new findings are made as indicated herein. The insured, defendant Ann Holdeman, initially gave the plaintiff insurer a statement to the effect that her tenant, defendant Gordon, had suffered a back injury as a result of a fall on a private sidewalk on her (the defendant Holdeman's) premises; the fall was stated to have been due to her negligent removal of snow. Her tenant Gordon sued her to recover damages for personal injury; and the plaintiff insurer undertook to represent her in that action. Several months after the accident and after her first statement to plaintiff, the defendant Holdeman advised the plaintiff's attorney, who was representing her in the pending personal injury action, that she had previously given a false description of the accident and that her tenant Gordon had actually injured himself while shoveling snow; he had wrenched his back while lifting a heavy shovelful of snow. On the same day she confirmed this version in a pretrial examination. She did so again about a year later when she gave a second full statement to the plaintiff insurer. She admitted that her motive to falsify was based on sympathy for her tenant Gordon and that she had fabricated the first version so that he might obtain payment for his medical expenses. In fact, some two weeks after the accident she had mentioned to Gordon that she had insurance and suggested to him that he might make a claim. About a month and a half after first learning of the discrepancy in defendant Holdeman's versions of the accident, the plaintiff advised her by letter that it would continue to represent her without prejudice to its policy rights and subject to an investigation of the discrepancies. In our opinion, the trial court erred in holding that the plaintiff insurer had waived its rights and that the insured's later rectification of the earlier false version had cured the falsity. We find that the discrepancy was material and that it destroyed the insured's credibility and usefulness as a defense witness in the personal injury action. We hold that her conduct constituted a breach of the co-operation clause and, hence, the plaintiff insurer is entitled to judgment (*United States Fid. & Guar. Co.* v. *von Bargen,* 7 A D 2d 872, affd. 7 N Y 2d 932; *Lumbermens Mut. Cas. Co.* v. *Goldwasser,* 7 A D 2d 849; *National Grange Mut. Liab. Co.* v. *Fino,* 13 A D 2d 10). Ughetta, Acting P. J., Christ, Brennan, Hopkins and Benjamin, JJ., concur.