■ LONG ISLAND INSURANCE COMPANY, Appellant, v ANTHONY GRAZIANO, an Infant, et al., Respondents.—In a declaratory judgment action, plaintiff insurance company appeals from (1) an order of the Supreme Court, Queens County, dated April 15, 1977, which (a) granted summary judgment to defendants Lauria and (b) declared that the plaintiff is obligated to defend and pay any judgment which might be recovered against its insured in a pending personal injury action, and (2) so much of an order of the same court, dated November 7, 1977, as, upon reargument, adhered to the original determination. Appeal from the order dated April 15, 1977 dismissed as academic, without costs or disbursements. This order was superseded by the order granting reargument. Order dated November 7, 1977 modified, on the law, by adding to the end of the second decretal paragraph thereof, immediately after the words "adhered to", the following: "only to the extent that it declared that the plaintiff insurer is obligated to defend the insured." As so modified, order affirmed insofar as appealed from, without costs or disbursements. Defendant Kenneth A. Lauria commenced an action against defendant Anthony Graziano, alleging that Graziano assaulted him on July 7, 1973. Plaintiff insurer alleged that it first learned of the Lauria action in October, 1974, when Graziano's counsel sent it the papers in the action. On January 20, 1975, the insurer's counsel did not appear in the Lauria action. As a result, judgment was entered in favor of Lauria against Graziano. On February 27, 1975 the insurer moved to vacate the default. By order dated June 24, 1975 the default judgment was vacated. Thereafter, in a letter to Graziano dated July 15, 1975 the insurer stated that it had received untimely notice of the Lauria action and reserved its right to disclaim payment under the policy of insurance. The letter provided, in pertinent part, the following: "The company finds that your dilatory conduct has been prejudicial to the extent that the company does hereby reserve its rights to consider its contract breached by you and to refuse payment of any and all sums which may be assessed as damages against your son either by settlement or judgment. * * * The purpose of this letter is to inform you that at the time of trial it may be proven that this case falls within the rule of law in this state that an insurance carrier need not indemnify our assured against an award based on wilful conduct causing intentional harm, that your actions in failing to report the incident to the carrier or forward to it any legal papers served upon you have breached your contract of insurance with this company and that you are being sued for a sum of money far in excess of the amount of your coverage. *The defense of this action is, therefore, undertaken by this company with specific reservations of its rights as indicated.*" (Emphasis supplied.) The instant declaratory judgment action, which was instituted by the plaintiff insurer on February 11, 1976, was the first written notice given by the plaintiff of its intention to disclaim.

Ordinarily, an insurer's reservation of its rights would be effective to prevent a waiver of these rights (see *Fidelity & Cas. Co. of N. Y. v Holdeman,* 23 AD2d 878). However, the insurer herein concededly waited almost nine months from the date it first received notice of the Lauria claim to the date it merely reserved its right to disclaim payment. During that time it assumed the defense of the action, represented that it was counsel for Graziano, and moved to open the default. Furthermore, it waited an additional seven months before commencing this action for a declaratory judgment. In view of these delays, we are of the opinion that the insurer waived its right to disclaim on the ground of untimely notice. Although, under the circumstances of this case, we believe that the plaintiff insurer must defend Graziano in the underlying action, the insurer has done nothing which warrants a holding that it must pay any judgment which may be entered against Graziano after trial. If the underlying action should result in a verdict against Graziano on the ground that he committed an assault against Lauria, and the policy does not cover assaults, then there would be no liability on the part of the insurer. Hopkins, J. P., Titone, Gulotta and O'Connor, JJ., concur.