■ In the Matter of GILBERT DI LUCIA, Appellant, v NEW YORK STATE BOARD OF ELECTIONS et al., Respondents.—Per Curiam. Appeal from a judgment of the Supreme Court at Special Term (Cobb, J.), entered August 8, 1986 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare valid the designating petition naming petitioner as the Democratic candidate for the office of Lieutenant Governor in the September 9, 1986 primary election.

On July 14, 1986, petitioner filed a designating petition with respondent State Board of Elections (Board). Thereafter, on July 17, 1986, general objections to said petition were filed by respondents Grace Marie Longinetti and Benjamin F. Smiertka (objectors). Specifications to those objections were timely filed on July 24, 1986. A hearing on this matter was scheduled by the Board to be held July 28, 1986 at 10:00 A.M. The hearing commenced at some point after 10:00 A.M. on the scheduled date.

After relevant documents were introduced, the objectors' attorney was asked whether he had proof of service of the objections and specifications, as required by 9 NYCRR 6204.1 (b). The objectors' attorney, who had just been retained, indicated that he did not have proof of service in his possession but requested a brief adjournment in order to locate his client and obtain the required proof of service. Over petitioner's objection, the Board granted a 30-minute adjournment.

During this adjournment, the mail was delivered to the Board, containing the necessary proof of service. The proof of service had been received in the Board's mailroom by an employee of the Board at approximately 10:05 A.M. on that same day. The hearing reconvened at approximately 11:15 A.M., and the Board ruled that the proof of service was timely filed. Turning to the merits, the Board determined that the designating petitions were invalid. The instant proceeding ensued.

Petitioner does not seek review of the Board's decision on the merits; rather, the argument presented by petitioner concerns only the validity of the filing of the proof of service. Special Term upheld the Board's determination, noting the undisputed fact that proof of service had actually been received by an employee of the Board at 10:05 A.M. on the day of the hearing. Accordingly, Special Term dismissed the petition and this appeal ensued.

We affirm. Initially, we agree with Special Term that there is no proof in the record to indicate that the proof of service was not received by the Board prior to the hearing. Next, we reject petitioner's contention that the Board improperly granted the brief adjournment. In light of the brevity of the recess, and the circumstances concerning the recently retained counsel's lack of information about the whereabouts of the proof of service, we are unable to find the Board's action improper. Indeed, the Board's action here was consistent with its general policy of fair play (see, Matter of Maniscalco v Power, 4 AD2d 479, 480, affd 3 NY2d 918).

Finally, petitioner contends that he was denied equal protection of the law. However, since this issue was not raised below, we will not consider it for the first time on appeal (see, Matter of Rhodes v Salerno, 90 AD2d 587, 588, affd 57 NY2d 885). The judgment should therefore be affirmed.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.