■ CLARKSTOWN TEACHERS ASSOCIATION, Respondent, v BOARD OF EDUCATION OF THE CLARKSTOWN CENTRAL SCHOOL DISTRICT et al., Appellants.—Yesawich, Jr., J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Meehan, J.), entered June 16, 1989 in Rockland County, which denied defendant's cross motion for summary judgment dismissing the complaint and granted summary judgment to plaintiff.

Effective October 24, 1988, Congress amended section 300e-9 of the Public Health and Welfare Law (42 USC § 300e-9) which concerns health maintenance organizations (hereinafter HMOs). Prior to the amendment, the regulations promulgated thereunder required of employers that they contribute equal amounts, dollar for dollar, toward the premium costs for HMO or non-HMO health plans (S Rep No. 100-304, 100th Cong, 2d Sess, § 7, at 9, reprinted in 1988 US Code Cong & Admin News 3231, 3237). Congress amended the statute specially to eliminate the equal dollar contribution requirement (id., at 10, reprinted in 1988 US Code Cong & Admin News 3231, 3237-3238).

Before the statute was amended, defendant Clarkstown Central School District (hereinafter the District) paid 50% of non-HMO premiums pursuant to a collective bargaining agreement. Because HMO premiums in this instance cost 50% less than non-HMO premiums, the District provided 100% coverage to those employees who opted for an HMO health care plan. On October 21, 1988, plaintiff and the District signed an amendment to the parties' collective bargaining agreement which included a provision enabling employees to choose HMO health care coverage.

After the District received oral and written assurances from the State Department of Health that requiring those employees who elected HMO coverage to contribute 50% of the

charged insurance premiums would not violate Federal or State law, the District notified plaintiff of its intention to do so, effective January 1, 1989.

Thereafter, plaintiff commenced this action to obtain a permanent injunction, and for a declaration that the District could not require its employees to bear 50% of the cost of HMO insurance premiums. Defendants, the District and the Board of Education of the Clarkstown Central School District, cross-moved for summary judgment dismissing the complaint. Supreme Court denied defendants' motion, awarded plaintiff summary judgment and ordered defendants to reinstate the dollar for dollar contribution plan. Defendants appeal.

Amended Public Health and Welfare Law § 300e-9 specifically excludes from its coverage collective bargaining agreements *"in effect* on the date of enactment of this Act" (Health Maintenance Organization Amendments of 1988, Pub L 100-517, § 7 [a] [3], 102 US Stat 2578, 2580, § 7 [a] [3] [1988] [eff Oct. 24, 1988] [emphasis supplied]). It is unclear from the record when the amendment to the parties' collective bargaining agreement became effective. The memorandum delineating the specific changes to the original bargaining agreement was signed on October 21, 1988, three days before the effective date of the amended statute; and plaintiff's counsel's affidavit simply declares that it was "executed", presumably meaning it was "in effect", on the very day it was signed. Defendants' counsel, also without any basis in the record, asserts in his affidavit that the parties "negotiated" the amendment "[o]n or about November 1, 1988". Nor does an examination of the subject collective bargaining amendment shed light on when its subdivision (6b), the pertinent provision of the amendment, became effective; it indicates only that "the Board will *offer* * * * the option of membership in a qualified Health Maintenance Organization (HMO) effective the first day of the term of this agreement or, within sixty (60) days after this agreement has been executed by the parties hereto, whichever is later" (emphasis supplied). That the District must offer employees the option of HMO membership within 60 days after the first day of the term of the agreement or after the agreement was executed, does not, as defendants suggest, equate to a declaration that the option went "in[to] effect" no earlier than 60 days after the memorandum amending the collective bargaining agreement was signed.

Defendants' contention that contracts between municipal corporations and employee organizations are not effective until the municipality's governing body approves and ratifies

them, an argument raised for the first time in their reply brief, cannot be used to establish that ratification was necessary and that it did not occur until after the Federal statute was amended (see, Matter of Di Lucia v New York State Bd. of Elections, 122 AD2d 968, 969, lv denied 68 NY2d 605; cf., Siegel, NY Prac § 538, at 751).

If, as plaintiff maintains, the modification to the parties' collective bargaining agreement went into effect on the day it was signed, then the impact of the amendment of Public Health and Welfare Law § 300e-9 is academic because the statute explicitly provides that the amendment shall not supersede any provision of an existing collective bargaining agreement (Health Maintenance Organization Amendments of 1988, Pub L 100-517, § 7 [a] [3], 102 US Stat 2578, 2580, § 7 [a] [3] [1988]). Accordingly, no useful purpose would be served at this time in considering whether either State Public Health Law § 4407 or Civil Service Law § 167 (2) continue, despite the change in Federal law, to require employers to provide dollar for dollar health care premium contributions.

Inasmuch as the parties' papers before Supreme Court presented a material question of fact respecting whether the amendment to the bargaining agreement was in effect prior to the effective date of the statutory amendment, summary judgment was inappropriate (see, CPLR 3212; see also, Blake-Veeder Realty v Crayford, 110 AD2d 1007, 1008).

Judgment modified, on the law, without costs, by reversing so much thereof as granted summary judgment to plaintiff, and, as so modified, affirmed. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.