OPINION OF THE COURT
Memorandum.
The order of the Appellate Division in each proceeding should be affirmed, without costs.
Each appellant submitted a designating petition, one as a candidate for State Senator of the 32nd Senatorial District, the second as a candidate for State Assembly Member in the 75th Assembly District, for the Democratic Party primary to be held on September 10, 1996. The designating petition for each candidate also contained the names of other candidates for other State elective offices. Respondents filed separate proceedings seeking to invalidate the respective designating petition for each appellant.
Supreme Court rejected the invalidation efforts. The Appellate Division reversed and invalidated on permeation of fraud *975 grounds and we granted leave to appeal. Appellants contend that these proceedings should be dismissed for failure to join as necessary parties all of the other candidates listed in the designating petitions.
Election Law § 6-134 (3) provides, "All sheets designating the same candidate for nomination for the same public office or party position, when bound together as provided herein, and offered for filing, shall be deemed to constitute one petition for such candidate.” (See also, Matter of Pecoraro v Mahoney, 65 NY2d 1026, 1027 ["Although the statute permits petitions of several candidates to be joined, each candidate’s petition is a petition for a separate office”].)
Since under the circumstances presented here, we treat the designating petitions as unique to each candidate for a particular public office or party position, no other additional parties were necessary to these proceedings challenging the sufficiency of the designating petitions for the appellants (CPLR 1001). Consequently, the courts may consider the merits of respondents’ claims.*
Appellants also contend that the Appellate Division erroneously reversed Supreme Court’s finding that the designating petitions were not permeated by fraud. Appellants argue that since the Appellate Division lacked a trial transcript, it lacked a record basis for reversing Supreme Court’s factual finding. The record before the Appellate Division included the Referee’s report which contained an extensive recitation of the testimony before the Referee and the relevant findings of fact, which Supreme Court adopted without additional fact finding. Consequently, the Appellate Division had a sufficient basis on the record here to exercise its factual review powers. Since the inferences drawn by the Appellate Division are supported by the record, it cannot be said, as a matter of law, that the Appellate Division erred in finding that the challenged designating petitions were permeated with fraud and that they should be invalidated.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
*976 In each case: Order affirmed, without costs, in a memorandum.

 Matter of Richardson v Luizzo (64 AD2d 944, affd 45 NY2d 789) is not to the contrary. There, the designating petition, which listed persons who had not consented to be candidates for various elective positions, was invalidated as a fraud on the enrolled voters of the Republican Party because the document erroneously suggested that the various candidates listed together intended to run together. Unlike the present cases, the sufficiency of a designating petition for any other particular candidate was not at issue.