OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, without costs, by reinstating the first cause of action of the proceeding by petitioners Mandell, Zunno and Gold to invalidate respondent Goldstein’s designating petition, and remitting to the Board of Elections for further proceedings in accordance with this memorandum and, as so modified, affirmed.
These are two proceedings, one instituted by petitioners Man-dell, Zunno and Gold to invalidate the petition of respondent Goldstein’s candidacy for Surrogate of King’s County and one instituted by petitioner Goldstein to validate her petition, before us by our leave.
In the proceeding instituted by petitioner Goldstein, we agree with the Appellate Division that the record below establishes timely filing and service of the objections and specifications on the part of respondents Mandell and Zunno, regarding the designating petition of petitioner Goldstein, and were properly before Supreme Court, having been raised in their answer to the Goldstein petition to validate her designating petition. Thus, the Appellate Division properly reversed Supreme Court’s judgment granting the petition to validate and remitted to the Board of Elections for consideration of respondents’ objections and specifications.
With respect to the proceeding instituted by petitioners Man-dell, Zunno and Gold to invalidate the Goldstein petition and for other relief, Supreme Court properly dismissed the second cause of action as insufficient as a matter of law. No appeal was taken from the dismissal of petitioners’ third cause of action. Moreover, insofar as the first cause of action alleges that the Goldstein designating petition was invalid as permeated with fraud, it, toó, was legally insufficient.
Petitioners’ first cause of action, however, also alleges that there were insufficient valid signatures to Goldstein’s designating petition based on a line-by-line analysis. As amplified by petitioners’ timely objections and specifications that were submitted with the pleadings (see, supra), these allegations were legally sufficient and should not have been dismissed on that ground. Likewise, it was error to dismiss the first cause of action for failure to join other candidates named in the Gold-stein petition as necessary parties (see, Matter of Buchanan v Espada, Jr., 88 NY2d 973 [decided today]). Therefore, the *979 petitioners’ first cause of action should be reinstated and, as was the case in the proceeding to validate the Goldstein petition, the matter should be remitted to the Board of Elections to determine the merits of petitioners’ objections. We have considered the parties’ remaining contentions and find them unpersuasive.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
Order modified, without costs, in accordance with the memorandum herein and, as so modified, affirmed.