■ In the Matter of GEORGE POULOS, Appellant, v KEVIN MULLARKEY et al., Respondents. [730 NYS2d 440] —In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating George Poulos as a candidate in a primary election to be held on September 11, 2001, for the nomination of the Democratic Party as its candidate for the public office of Member of the City Council, City of New York, for the 22nd Council District, the petitioner appeals from a final order of the Supreme Court, Queens County (Rios, J.), dated August 8, 2001, which, after a hearing, denied the petition and dismissed the proceeding.

Ordered that the final order is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the Supreme Court properly determined that the objectors substantially complied with the rules of the Board of Elections of the City of New York (hereinafter the Board) regarding the filing of specifications of objections to designating petitions (*see, Matter of Gallonty v New York City Bd. of Elections,* 224 AD2d 563).

Pursuant to Election Law § 6-154 (2), the Board is empowered to make rules in connection with the filing and disposition of a petition, certificate, objections, and specifications. The appellant concedes that a party may comply with the rules of the Board governing the filing of proof of service of specifications upon the appellant, by filing with the Board a certified mail receipt provided that the specifications are served before the filing of such specifications with the Board (*see,* Board of Elections of City of NY, rule G9 [a]). Here, the objectors timely filed a certified mail receipt establishing service of their specifications upon the appellant. Accordingly, the Supreme Court properly denied the petition. Bracken, P. J., Luciano, Feuerstein, Schmidt and Adams, JJ., concur.