■ In the Matter of PHILLIP M. SCHWARTZ, Appellant, v FRANK W. MACKAY et al., Respondents, and BRONWYN BLACK-KELLY, Respondent. [730 NYS2d 252] —In a proceeding pursuant to Election Law § 16-102, *inter alia*, to invalidate so much of a

petition as designated Bronwyn Black-Kelly as a candidate in a primary election to be held on September 11, 2001, for the nomination of the Independence Party as its candidate for the public office of Member of the Town Council, Town of Huntington, the petitioner appeals from an order and final order (one paper) of the Supreme Court, Suffolk County (Catterson, J.), dated August 8, 2001, which granted the cross motion of the respondent Bronwyn Black-Kelly to dismiss the proceeding for failure to name and serve a necessary party, and dismissed the proceeding.

Ordered that the order and final order is reversed, on the law and the facts, without costs or disbursements, the cross motion is denied, the petition is granted, and the matter is remitted to the Suffolk County Board of Elections to remove the name of Bronwyn Black-Kelly from the appropriate ballot.

The challenged petition designated, among other candidates, Bronwyn Black-Kelly and Paul J. Tonna as candidates in a primary election for the nomination of the Independence Party as its candidates for the public offices of Member of the Town Council, Town of Huntington, and Member of the Suffolk County Legislature for the 17th Legislative District, respectively. The petitioner brought this proceeding, *inter alia*, to invalidate so much of the petition as designated Black-Kelly as a candidate. There was no requirement that the petitioner join Tonna as a necessary party, as the designating petition is unique to each candidate (*see, Matter of Buchanan v Espada*, 88 NY2d 973). Consequently, the Supreme Court erred in granting the cross motion to dismiss. Moreover, the record reveals that the petitions were permeated with fraud (*see, Matter of Haas v Costigan*, 14 AD2d 809). Ritter, J. P., S. Miller, H. Miller, Smith and Townes, JJ., concur.