■ In the Matter of HARRY FOTOPOULOS et al., Appellants, v CAROL BERMAN et al., as Commissioners of the State Board of Elections, et al., Respondents. [749 NYS2d 577] —Per Curiam. Appeal from a judgment of the Supreme Court (Benza, J.), entered October 1, 2002 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to Election Law § 16-102, to validate the independent nominating petition naming petitioners as candidates of the Reform Party for various statewide public offices in the November 5, 2002 general election.

On August 20, 2002, an independent nominating petition was filed with the State Board of Elections naming petitioners, Harry Fotopoulos, Jose I. Adames, Dominick Fusco and Ruben Vargas, as candidates of the Reform Party for the respective public offices of Governor, Lieutenant Governor, Attorney General and Comptroller in the November 5, 2002 general election. On August 23, 2002, respondent Maria A. Comella filed general objections to the petition with the Board. She alleges that on August 29, 2002, she filed with the Board by certified mail specific objections and on the same date served, by certified mail, copies of the specific objections on the individual petitioners. On August 30, 2002, Comella commenced a proceeding in Supreme Court to invalidate the independent nominating petition. This proceeding, however, was not pursued following the Board's invalidation of the independent nominating petition on September 12, 2002.

Thereafter, petitioners commenced the instant proceeding against Comella and respondents Carol Berman, Neil W. Kelleher, Helena M. Donohue and Evelyn J. Acquila, Commissioners of the Board, seeking to validate the independent nominating petition. Following joinder of issue, Supreme Court held a hearing and ultimately granted respondents' motion to dismiss the petition. This appeal by petitioners ensued.

Petitioners assert, inter alia, that the independent nominat-

ing petition should be declared valid because the specific objections filed by Comella were not served in a timely manner and that there was a lack of compliance with the proof of service requirements of 9 NYCRR 6204.1 (b). We disagree.* Election Law § 6-154 (2) provides that objections to an independent nominating petition "shall be filed with the officer or board with whom the original petition * * * is filed within three days after the filing of the petition" and that "[w]hen such an objection is filed, specifications of the grounds of the objections shall be filed within six days thereafter with the same officer or board." The regulations further provide that service of specific objections upon the candidate affected "shall be made on or before the date of filing of any specifications with the board" (9 NYCRR 6204.1 [b]).

The parties agree that the last day to file and serve the specific objections was August 29, 2002. In support of their claim that the specific objections were untimely, petitioners rely upon Fotopoulos's testimony and certain documentary evidence purportedly establishing that they were sent by express mail on August 30, 2002, more than six days after service of the general objections. However, the Board's Deputy Director testified that, based upon a certified mail receipt, the specific objections were mailed to the Board on August 29, 2002. Moreover, the record contains copies of the certified mail receipts indicating that the specific objections were also mailed to the individual petitioners on August 29, 2002. While Fotopoulos testified that the mailing label attached to a box sent to him and other candidates by Comella bore a mailing date of August 30, 2002, he acknowledged on cross-examination that this box was sent in connection with the Supreme Court invalidation proceeding. Fotopoulos further acknowledged that he received a second box containing objections that was mailed August 29, 2002. Although still in his possession, Fotopoulos did not produce at trial the mailing label on the second box. Thus, we find that the specific objections were timely served and filed.

In addition, although 9 NYCRR 6204.1 (b) provides that service of the specific objections shall be made upon the individual candidates and requires that proof of service thereof be filed with the Board, it does not specify the form of proof of service. The Board's practice of accepting certified mail receipts as proof of service, a manner less formal than that required under the CPLR, does not undermine the validity of the service (*see Matter of Poulos v Mullarkey*, 286 AD2d 461, *lv denied* 96 NY2d

---

* We decline to consider the constitutional issue raised by petitioners for the first time on this appeal.

719). Lastly, we find no reason to remit this matter to Supreme Court for the purpose of setting forth the facts upon which it based its decision since the record is sufficiently complete to enable us to exercise our factual review power (*see Matter of Kaitlyn R. [Tompkins County Dept. of Social Servs.]*, 279 AD2d 912, 914; *cf. Matter of Foley*, 140 AD2d 892, 894).

Crew III, J.P., Carpinello, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.