■ In the Matter of DAWN DIAMOND, Appellant, v BRIAN F. DEJOSEPH, as Candidate for the Office of Justice of the Supreme Court for the Fifth Judicial District, et al., Respondents, et al., Respondents. (Proceeding No. 1.) In the Matter of PHILIP ANNUTTO, Appellant, v BRIAN F. DEJOSEPH, as Candidate for the Office of Justice of the Supreme Court for the Fifth Judicial District, et al., Respondents, et al., Respondents. (Proceeding No. 2.) [995 NYS2d 262]—

Per Curiam. Appeals (1) from a judgment of the Supreme Court (McDonough, J.), entered October 7, 2014 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the certificate of nomination naming respondent Brian F. DeJoseph as the Democratic Party candidate for the public office of Justice of the Supreme Court for the Fifth Judicial District in the November 4, 2014 general election, and (2) from a judgment of said court, entered October 7, 2014 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the certificate of nomination naming respondent Brian F. DeJoseph as the Conservative Party candidate for the public office of Justice of the Supreme Court for the Fifth Judicial District in the November 4, 2014 general election.

These proceedings deal with the judicial nominating conventions that were held by the Democratic and Conservative Parties to select each party's candidate for the public office of Justice of the Supreme Court for the Fifth Judicial District in the November 4, 2014 general election. Respondent Brian F. DeJoseph was selected as a candidate by both parties and separate certificates of nomination were filed with respondent State Board of Elections. Thereafter, petitioner Dawn Diamond, a registered Democratic Party member, and petitioner Philip Annutto, a registered Conservative Party member, filed general and specific objections to the certificate of nomination naming DeJoseph as the Democratic and Conservative Party candidate, respectively; both petitioners are eligible to vote for the public office at issue. Based upon these objections, Diamond and Annutto commenced proceeding Nos. 1 and 2, respectively, seeking

to invalidate the relevant certificate of nomination and to restrain the State Board from certifying the ballots at issue. Each petitioner challenged the legitimacy of the respective judicial nominating conventions, claiming that such convention was not in compliance with the proportional representation requirement of Election Law § 6-124. Supreme Court rejected this argument and dismissed the respective petitions. Petitioners separately appeal, and these cases have been joined together for consideration by this Court.

Initially, the proportional representation requirement is set forth in Election Law § 6-124, which provides that the number of delegates at a judicial convention "shall be determined by party rules, but the number of delegates shall be substantially in accordance with the ratio, which the number of votes cast for the party candidate for the office of governor, on the line or column of the party at the last preceding election for such office, in any unit of representation, bears to the total vote cast at such election for such candidate on such line or column in the entire state." The purpose of this requirement is to ensure that the districts from which the delegates are elected are "properly represented in proportion to their voting strength" (*Matter of Azria v Salerno*, 68 NY2d 887, 889 [1986]; *see Matter of Consuello v McGrath*, 21 Misc 3d 1112[A], 2008 NY Slip Op 52057[U], *2 [Sup Ct, Albany County 2008], *affd for reasons stated below* 55 AD3d 1453 [2008], *lv denied* 11 NY3d 709 [2008]). It has been recognized, however, that "the statute does not require strict compliance but more generally provides that delegates be chosen 'substantially in accordance with the ratio' " (*Matter of Azria v Salerno*, 68 NY2d at 889, quoting Election Law § 6-124).

With respect to the Conservative Party challenge (proceeding No. 2), the Fifth Judicial District is comprised of 12 Assembly Districts and, out of a total of 13 potential delegates, 10 were elected.[1] Annutto contends that the proportional representation requirement was not met because no delegates were elected from the 101st, 116th and 121st Assembly Districts and only one delegate was elected from the 120th Assembly District, resulting in an underrepresentation. Annutto further asserts that the one delegate elected from the 118th Assembly District resulted in an overrepresentation. Notwithstanding this disparity, we cannot say that the composition of the delegates elected to the Conservative Party judicial nominating convention did

---

1. One elected delegate, from the 127th Assembly District, abstained from voting at the convention, and it does not appear that the delegate from the 118th Assembly District—although duly elected—attended the convention.

not substantially comply with the proportional representation requirement set forth in Election Law § 6-124. Notably, "most districts [nonetheless] were properly represented in proportion to their voting strength" (*Matter of Azria v Salerno*, 68 NY2d at 889). In view of this, and recognizing the practical difficulties of achieving perfect representation, we conclude that the selection of delegates was substantially in accordance with the statutory requirement (*compare Matter of Snell v Young*, 88 AD3d 1149, 1151-1152 [2011], *lv denied* 17 NY3d 715 [2011]). We reach the same conclusion with regard to the overrepresentation in the 118th Assembly District. To the extent that Annutto further asserts that Election Law § 6-126 (2) was violated because the delegates did not vote on another judicial candidate, this argument is not properly before us as it was not raised in the petition or before Supreme Court (*see Matter of Fotopoulos v Berman*, 298 AD2d 698, 699 n [2002], *lv denied* 98 NY2d 616 [2002]; *Matter of Di Lucia v New York State Bd. of Elections*, 122 AD2d 968, 969 [1986], *lv denied* 68 NY2d 605 [1986]).[2] Therefore, we conclude that Supreme Court properly dismissed Annutto's petition.

Turning to the Democratic Party challenge (proceeding No. 1), Diamond similarly contends that the proportional representation requirement of Election Law § 6-124 was not satisfied in the election of delegates to the Democratic Party judicial nominating convention because certain Assembly Districts were underrepresented and others were overrepresented. However, the 2010 gubernatorial election data upon which Diamond relies does not accurately reflect the current composition of the Assembly Districts comprising the Fifth Judicial District or the total number of votes attributable to the counties or parts thereof that are now contained within such districts. Without this information, a proper comparison of the percentage of votes cast to the percentage of delegates elected in each Assembly District cannot be conducted. Given this absence of proof, there is no basis for concluding that there was a lack of compliance with the proportional representation requirement. Consequently, Supreme Court properly dismissed Diamond's petition as well.

Lahtinen, J.P., Garry, Egan Jr., Lynch and Devine, JJ., concur. Ordered that the judgments are affirmed, without costs.

---

2. We note that, inasmuch as Annutto withdrew a number of his other objections during oral argument before Supreme Court, we decline to address them.