■ In the Matter of FRED HERNANDEZ, Appellant, v REGINALD A. LAFAYETTE et al., Respondents. (Proceeding No. 1.) In the Matter of OSVALDO SEVERO et al., Respondents, v FRED HERNANDEZ, Appellant, and REGINALD A. LAFAYETTE et al., Respondents. (Proceeding No. 2.) [16 NYS3d 65]—In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating Fred Hernandez as a candidate in a primary election to be held on September 10, 2015, for the nomination of the Independence Party as its candidate for the public office of Mayor of the City of Yonkers (proceeding No. 1), and a related proceeding, among other things, to invalidate that designating petition (proceeding No. 2), Fred Hernandez appeals from a final order of the Supreme Court, Westchester County (Tolbert, J.), dated August 4, 2015, which, after a hearing, and upon the denial of his motion for leave to amend the petition in proceeding No. 1 to conform it to the evidence adduced at the hearing and to amend his answer in proceeding No. 2 to assert the affirmative defenses of lack of subject matter jurisdiction and failure to join a necessary party, denied the petition, inter alia, to validate and granted the petition, among other things, to invalidate.

Ordered that the final order is affirmed, without costs or disbursements.

Fred Hernandez commenced proceeding No. 1 to validate a

petition designating him as a candidate in a primary election to be held on September 10, 2015, for the nomination of the Independence Party as its candidate for the public office of Mayor of the City of Yonkers. Several objectors commenced proceeding No. 2 to invalidate that designating petition. After the Supreme Court conducted a hearing in connection with both of these proceedings, Hernandez moved for leave to amend his petition in proceeding No. 1 to conform it to the evidence adduced at the hearing and to amend his answer in proceeding No. 2 to assert the affirmative defenses of lack of personal jurisdiction and failure to join a necessary party. The Supreme Court denied the motion, and thereupon denied the validation petition in proceeding No. 1, and granted the invalidation petition in proceeding No. 2.

Leave to amend a pleading should be freely given, provided that the proposed amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit (*see Krigsman v Cyngiel*, 130 AD3d 786 [2015]). Here, Hernandez's proposed amendments were patently devoid of merit. Accordingly, the Supreme Court properly denied the motion.

Hernandez argued that the Supreme Court lacked subject matter jurisdiction to entertain proceeding No. 2 since the objectors allegedly failed to file, with the Westchester County Board of Elections (hereinafter the Board), proof of service of the specifications referable to their objections in accordance with the local rules of the Board (*see* 9 NYCRR 6204.1 [b]). He thus sought leave to amend his answer in proceeding No. 2 to assert that defense. The alleged failure to file proof of service of papers that are required to be served is not a jurisdictional defect (*see generally Khan v Hernandez*, 122 AD3d 802 [2014]). In any event, the objectors substantially complied with the Board's rules regarding the filing of proof of service (*see Matter of Fotopoulos v Berman*, 298 AD2d 698, 699 [2002]; *Matter of Poulos v Mullarkey*, 286 AD2d 461, 461 [2001]; *see generally Matter of Gallonty v New York City Bd. of Elections*, 224 AD2d 563 [1996]).

Hernandez further sought leave to amend his answer in proceeding No. 2 to assert, as an affirmative defense, that the objectors failed to join Michael A. Martinelli as a necessary party. Hernandez argued that, since Martinelli was seeking the nomination of the Independence Party as its candidate for the public office of Judge of the Yonkers City Court, and Martinelli circulated a joint designating petition with Hernandez, Martinelli was required to be joined as a party to proceed-

ing No. 2. There was no requirement that the objectors join Martinelli as a necessary party, as a multi-candidate designating petition is unique to each candidate (see *Matter of Mandell v Board of Elections in City of N.Y.*, 88 NY2d 976, 978 [1996]; *Matter of Buchanan v Espada*, 88 NY2d 973, 975 [1996]; *Matter of Schwartz v MacKay*, 286 AD2d 462 [2001]).

Hernandez's remaining contentions are without merit. Mastro, J.P., Miller, Maltese and Barros, JJ., concur.

Motion by the appellant on an appeal from a final order of the Supreme Court, Westchester County, dated August 4, 2015, inter alia, to "overrule" the determinations of the Supreme Court and grant the appellant's motion, made before that court, for leave to amend the petition in proceeding No. 1 to assert causes of action alleging fraud and for leave to amend his answer in proceeding No. 2 to assert the affirmative defenses of lack of subject matter jurisdiction and failure to join necessary parties, and application by the appellant for leave to serve the order to show cause and supporting papers with respect to the instant motion upon the respondents Reginald A. Lafayette and Douglas A. Colety, Commissioners constituting the Westchester County Board of Elections, pursuant to CPLR 2103 (b) (7), nunc pro tunc to August 10, 2015, and to deem said respondents to have been properly served with those papers.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the papers filed in support of the application and the papers filed in opposition thereto, it is

Ordered that the application is granted; and it is further,

Ordered that the motion is denied. Mastro, J.P., Miller, Maltese and Barros, JJ., concur.