Cantone v Coiro (2020 NY Slip Op 51507(U))

[*1]

Cantone v Coiro

2020 NY Slip Op 51507(U) [70 Misc 3d 128(A)]

Decided on December 11, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 11, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2019-419 K C

Salvatore Cantone, as Trustee, Maureen
Cantone Irrevocable Family Trust, Respondent,
against
Anthony Coiro and Julie Coiro, Appellants.

Robert H. Gordon of counsel, for appellants.
Alter & Barbaro, Esqs. (Bernard M. Alter of counsel), for respondent.

Appeal from a decision of the Civil Court of the City of New York, Kings County (Laurie
Lynne Lau, J.), dated December 13, 2013, deemed from a final judgment of that court entered
December 13, 2013 (see CPLR 5512 [a]). The final judgment, after a nonjury trial, awarded
landlord possession in a holdover summary proceeding.

ORDERED that the final judgment is affirmed, without costs.
The petition in this holdover proceeding alleges that the rent-controlled tenants had permitted
a nuisance to occur at the premises due to the "loud and furious arguments featuring excessive
profanity and abusive language" occurring on 16 specific occasions over approximately five
months in 2008 "and continuing on a regular basis." Following a seven-day nonjury trial that
commenced on March 18, 2010 and concluded on November 15, 2010, the Civil Court (Laurie
Lynne Lau, J.), in a decision dated October 3, 2012, found that landlord had established a
nuisance, but set the matter down "for a hearing as to whether the court should stay issuance of
the warrant to afford [tenants] an opportunity to reduce the level of noise to an appropriate
standard." After the hearing was held on May 13 and June 28, 2013, the Civil Court, in a decision
dated December 13, 2013, found that the nuisance continued to exist and that tenants were not
entitled to a stay of the issuance of a warrant of eviction. A final judgment of possession was
entered on the same day without staying the issuance of the warrant of eviction.
Initially, we note that, contrary to tenants' assertion, the fact that testimony from two of [*2]tenants' witnesses is absent from the record on appeal does not
require a new trial, as the Civil Court gave a detailed description of the missing testimony and
because tenants do not assert that the testimony concerned disputed facts (see Matter of
Buchanan v Espada, 88 NY2d 973 [1996]).
A holdover proceeding is maintainable against a rent-controlled tenant where "[t]he tenant is
committing or permitting a nuisance" (New York City Rent and Eviction Regulations [9
NYCRR] § 2204.2 [a] [2]), which constitutes "a continuous invasion of rights—a
pattern of continuity or recurrence of objectionable conduct" (Domen Holding Co. v Aranovich, 1 NY3d 117, 124 [2003]
[internal quotation marks omitted]). In reviewing a determination made after a nonjury trial, the
power of this court is as broad as that of the trial court, and this court may render the judgment it
finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues
of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate
the testimony and demeanor of the witnesses affords it a better perspective from which to assess
their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford,
60 NY2d 492, 499 [1983]; Hamilton v
Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]).
Here, the Civil Court's determination that a nuisance existed was supported by testimony
from multiple witnesses regarding a consistent pattern of loud tirades and arguments, which
included profanity, and other unreasonable noise produced by tenants and their four children.
There was also testimony detailing numerous specific instances of that conduct and the
detrimental effect the yelling had upon other tenants in the building and a neighboring building.
Indeed, tenants admitted that there was yelling on a regular basis during the relevant time period.
Moreover, tenants have not established that they are entitled to an additional cure period or a
permanent stay of the warrant (see
Cabrini Terrace Joint Venture v O'Brien, 71 AD3d 486 [2010]; Matter of Chi—Am Realty, LLC v
Guddahl, 33 AD3d 911 [2006]; 311 Lincoln Place Inv., LLC v Woldmarian, 56 Misc 3d 139[A],
2017 NY Slip Op 51085[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]).
Accordingly, the final judgment is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 11, 2020