2258 Assoc., LLC v Monperemer (2021 NY Slip Op 50033(U))

[*1]

2258 Assoc., LLC v Monperemer

2021 NY Slip Op 50033(U) [70 Misc 3d 135(A)]

Decided on January 15, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 15, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2019-866 K C

2258 Associates, LLC, Appellant, 
against
E. Monperemer and "John Doe," Respondents, and "Jane Doe,"
Undertenant. 

Leon I. Behar, P.C. (Leon I. Behar of counsel), for appellant.
The Law Office of Fania Jean (Fania Jean of counsel), for respondent.

Appeals from a final judgment of the Civil Court of the City of New York, Kings County
(Gary Franklin Marton, J.), entered September 26, 2018 and an order of the same court dated
April 17, 2019. The final judgment, after a nonjury trial, dismissed the petition in a holdover
summary proceeding. The order denied landlord's motion for a new trial.

ORDERED that the final judgment and order are affirmed, without costs.
In this holdover summary proceeding against Marie Monpremier (incorrectly sued herein as
E. Monperemer), tenant, and "John Doe" and "Jane Doe," undertenants, based on tenant's alleged
failure to sign and return a renewal lease, occupant Jacquelin Monpremier (who was later, in
effect, substituted for "John Doe") appeared and asserted that he is entitled to succession rights.
After the parties rested in a nonjury trial, the Civil Court recalled the case for a second trial date
in order to clarify whether certain documents had been admitted into evidence. In a decision after
trial, the Civil Court found that occupant had established succession rights to the apartment and a
final judgment dismissing the petition was entered on September 26, 2018. Landlord
subsequently moved for, among other things, a new trial on the ground that the recording for the
second trial date was unavailable. By order entered April 17, 2019, the Civil Court denied
landlord's motion. Landlord appeals from the final judgment and the order.
Landlord's motion was properly denied because the missing transcript pertained only to
exhibits to be admitted at trial and there is no dispute as to which exhibits were admitted (see
Matter of Buchanan v Espada, 88 NY2d 973, 975 [1996]).
The Civil Court properly found that the relevant co-residency period was the two years
before tenant permanently vacated the apartment, which occupant established was in 2007 (see Matter of Jourdain v New York State
Div. of Hous. & Community Renewal, 159 AD3d 41 [2018]; EB Bedford, LLC v Lee, 64 Misc 3d
39 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists [*2]2019]). As it was undisputed that occupant is tenant's son and that
he resided in the apartment for his entire life, for purposes of succession, tenant and occupant had
nothing to gain by representing, by signing subsequent renewal leases, that tenant was still living
in the apartment after she vacated (see
Matter of Jourdain, 159 AD3d 41). In any event, any argument that occupant and tenant
sought to deceive landlord is rebutted by the uncontroverted testimony that, in 2007, tenant
informed several of landlord's agents that she was moving out and had purchased a home. Thus,
the Civil Court properly concluded that occupant was entitled to succession rights. 
Accordingly, the final judgment and order are affirmed. 
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 15, 2021