## Matter of Clarke v Board of Elections in the City of N.Y.

2025 NY Slip Op 32276(U)

June 25, 2025

Supreme Court, Kings County

Docket Number: Index No. 518348/25

Judge: Lawrence Knipel

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At the Special Election Part 1 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 25th day of June, 2025.

P R E S E N T:

HON. LAWRENCE KNIPEL,
                                    Justice.
-------------------------------------------------------------------------X
In the Matter of the Application of Athena A. Clarke, as an aggrieved candidate for the Protect Animals Independent designation for the Public Office of Member of the New York Council from the 46th Councilmanic District of New York City comprised of Kings County,

                              Petitioner,                           Index No. 518348/25

                    -against-


THE BOARD OF ELECTIONS IN THE CITY OF NEW YORK,

                    -and-

Lenny Markh, as objector, seeking an Order, pursuant to the Election Law, declaring invalid the petition designating of the aforesaid named candidates for the aforesaid described public office,

                                    Respondents,
-------------------------------------------------------------------------X
The following e-filed papers read herein:                    NYSCEF Doc. Nos.:

Order to Show Cause/Petition _____        ___1,6_____
Other papers_____        ___13-15_____


Upon the foregoing papers, and after oral argument held on the record in this proceeding commenced pursuant to Election Law § 16-102 to validate the independent nominating petition filed by Athena A. Clarke (petitioner), as a candidate for the public office of member of the New York City Council for the 46th Council District on the Protect Animals

[* 1]

party line, in the General Election to be held on November 4, 2025, the petition is denied and the proceeding is dismissed.

On or about May 23, 2025, petitioner filed with respondent the Board of Elections of the City of New York (the Board) several volumes of petitions in support of her candidacy, which were assigned petition Volume Numbers: KG2502289, KG2502290, KG2502291, and KG2502292. On or about May 27, 2025, general objections to invalidate the nominating petition were filed by Lenny Markh (respondent), and on or about June 2, 2025, respondent filed specifications of objections with the Board and served said objections upon petitioner. The Board's clerks reviewed the signatures contained in the nominating petition, and after considering the specific objections filed by respondent, determined that the petition contained only 74 valid signatures, with 450 valid signatures required to be placed on the ballot for this office. On June 17, 2025, the Board's Commissioners upheld the Clerk's report and determined that petitioner's name would not appear on the ballot on the Protect Animals line at the General Election.

On June 5, 2025, the court signed an order to show cause brought by petitioner seeking to validate the independent nominating petition. On June 23, 2025, the court heard oral argument on the issues raised in the petition and reserved decision.

As an initial matter, the court notes that petitioner has failed to identify any specific rulings made by the Board concerning individual signatures that were challenged by respondent. Moreover, petitioner does not argue that a line-by-line review of the objections ruled upon by the Board would demonstrate that her petition contains the required 450 valid signatures. Rather, petitioner argues that the Board never should have considered the

2

[* 2]

specifications of objections in the first instance since the specifications were not served in accordance with Election Law § 6-154(3)(b) and respondent was not a duly qualified objector.[1]

Turning first to petitioner's argument regarding service of the specifications of objections, the Legislature amended Election Law § 6-154(3)(b), effective March 23, 2023, to state that "[n]o specifications of objections to any petition . . . will be considered unless the objector filing the specifications personally delivers by overnight mail a duplicate copy of the specification to each candidate for public office named on the petition." Here, petitioner maintains that respondent failed to comply with this provision since he failed to serve a copy of the specifications on Curtis Sliwa, a candidate for mayor, whose name also appears on petitioner's independent nominating petition.

There is no merit to petitioner's argument. In particular, although the language requiring service on "each candidate for public office named on the petition" was recently added by the Legislature to Election Law § 6-154(3)(b), identical language has long been set forth in 9 NYCRR 6204.1 (b), which was enacted by the State Board of Elections pursuant to its authority under Election Law § 3-102 (1). However, neither the Board nor the courts have ever interpreted this language to require service of the objections upon unchallenged candidates whose names appear on the same designating or nominating petition as the challenged candidate. Stated otherwise, an objector need only serve the objections upon the candidate whom he or she is seeking to remove from the ballot. This is because "a multi-

---

[1] At oral argument before the court, petitioner argued that the court should not consider respondent's memorandum of law (NYSCEF Doc. 11) as it constitutes an improper sur-reply. However, there is no merit to this argument as the memorandum of law addresses issues that were raised for the first time in petitioner's reply papers (NYSCEF Doc. 14).

3

INDEX NO. 518348/2025

RECEIVED NYSCEF: 06/26/2025

candidate designating (or nominating) petition is unique to each candidate" (*Matter of Hernandez v Lafayette*, 131 AD3d 633, 635 [2d Dept 2015], citing *Matter of Mandell v Board of Elections in City of N.Y.*, 88 NY2d 976, 978 [1996]; *Matter of Buchanan v Espada*, 88 NY2d 973, 975 [1996]; *Matter of Schwartz v MacKay*, 286 AD2d 462 [2d Dept 2001]). Here, although Mr. Sliwa's name appears on petitioner's nominating petition, the petition itself is unique to petitioner and she was the only party upon whom respondent needed to serve the specifications of objections upon under Election Law § 6-154(3)(b) and 9 NYCRR 6204.1(b). Specifically, the court notes that 9 NYCRR 6204.1 (b) provides in pertinent part as follows:

> No specifications of objections to any petition or certificate will be considered by the board unless the objector filing the specifications personally delivers or mails by overnight mail a duplicate copy of the specification to each candidate for public office named on the petition or certificate . . . *A petition or certificate shall be considered a separate instrument as to each candidate named therein. For purposes of making an objection, an objection may be made against specific candidates named on a petition or certificate and not others also named, and in which case service of specifications shall only be required upon the candidate or candidates against whom objections are made* [emphasis added]).

In addition, petitioner asserts that respondent Lenny Markh lacks standing to bring objections to the independent nominating petition, alleging that he is not a U.S. citizen and that he has effectuated an impermissible common law name change. Initially, the court notes that petitioner has presented no evidence with regard to respondent's citizenship status. Further, it is undisputed that respondent is a duly registered voter in the State of New York and, as such, is qualified to file general objections and specifications of objections (*see* Election Law § 6-154 (2) [which states that "[w]ritten objections . . . to a nominating or designating petition . . . may be filed by any voter registered to vote for such public office"]).

4

Finally, the court finds no merit to petitioner's assertion that respondent's use of the name "Lenny Markh" on the specifications of objections rather than his legal name "Leonid Markh," renders the objections void ab initio. As courts have long held that candidates for public office may use a familiar or diminutive form of their name, the court finds no basis for precluding an objector from doing so  (*see Eisenberg v Strasser*, 100 NY2d 590, 591 [2003] [candidate's use of "Tony Eisenberg," rather than "Anatoly Eyzenberg," on his designating petition was not a basis for disqualification]; *Matter of Yacubich v Suffolk County Bd. of Elections*, 164 AD3d 867, 868 [2d Dept 2018] [use of the name "Mike" rather than "Michael" did not confuse signatories to a designating petition]; *Matter of Gumbs v Board of Elections*, 143 AD2d 235 [2nd Dept 1988] [candidate used the name "Marty" in place of "Martin"]; *Matter of Abinanti v Duffy*, 120 AD3d 669 [2d Dept 2014]). As such, petitioner has failed to demonstrate that respondent is not a qualified objector.

Accordingly, it is hereby

**ORDERED** that petitioners' validating petition  is denied  and the  proceeding  is dismissed.

This constitutes the decision, final order and judgment of the court.

ENTER FORTHWITH

_____
J.S.C.

HON. LAWRENCE KNIPEL
SUPREME COURT JUSTICE

5