Matter of Clarke v Board of Elections in the City of N.Y. (2025 NY Slip Op 04840)

Matter of Clarke v Board of Elections in the City of N.Y.

2025 NY Slip Op 04840

Decided on September 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2025-07535
 (Index No. 518348/25)

[*1]In the Matter of Athena A. Clarke, appellant,
v
Board of Elections in the City of New York, respondent, Lenny Markh, respondent-respondent.

DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to validate an independent nominating petition nominating Athena A. Clarke as a candidate of the Protect Animals Party for the public office of Member of the New York City Council, 46th Council District, in a general election to be held on November 4, 2025, Athena A. Clarke appeals from a final order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 25, 2025. The final order denied the petition, inter alia, to validate the independent nominating petition and dismissed the proceeding.
ORDERED that the final order is affirmed, without costs or disbursements.
On or about May 23, 2025, the petitioner, Athena A. Clarke, filed an independent nominating petition with the Board of Elections in the City of New York (hereinafter the Board) nominating herself as a candidate of the Protect Animals Party for the public office of Member of the New York City Council, 46th Council District, in a general election to be held on November 4, 2025. The independent nominating petition also designated Curtis Sliwa as a candidate of the Protect Animals Party for the public office of Mayor of the City of New York. Lenny Markh filed general objections and thereafter specifications of objections with the Board challenging the independent nominating petition as to Clarke. The Board invalidated the independent nominating petition as to Clarke, based on the objections.
Clarke then commenced this proceeding pursuant to Election Law § 16-102, inter alia, to validate the independent nominating petition. Clarke contended that Markh lacked standing to object to the independent nominating petition and that the objections should have been dismissed because Markh failed to comply with the service requirements of Election Law § 6-154, in that he did not serve a copy of the objections upon Sliwa.
In a final order dated June 25, 2025, the Supreme Court denied the petition, inter alia, to validate the independent nominating petition and dismissed the proceeding. Clarke appeals.
Clarke's contention that the Board should not have considered the objections because Markh failed to strictly comply with Election Law § 6-154(3)(b) is without merit. A multi-candidate designating or nominating petition is considered a separate petition as to each candidate (see Matter of Mandell v Board of Elections in City of N.Y., 88 NY2d 976, 978; Matter of Buchanan v Espada, 88 NY2d 973, 975; Matter of Hernandez v Lafayette, 131 AD3d 633, 635; Matter of Schwartz v MacKay, 286 AD2d 462, 463). Accordingly, Markh was not required to serve Sliwa, whose [*2]candidacy was not challenged (see 9 NYCRR 6204.1[b]; Matter of Mandell v Board of Elections in City of N.Y., 88 NY2d at 978; Matter of Buchanan v Espada, 88 NY2d at 975; Matter of Hernandez v Lafayette, 131 AD3d at 635; Matter of Schwartz v MacKay, 286 AD2d at 463).
Furthermore, Markh had standing to object to the independent nominating petition, as he resides in and is registered to vote in the 46th Council District (see Election Law § 6-154[2]).
The parties' remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the petition, inter alia, to validate the independent nominating petition and dismissed the proceeding.
IANNACCI, J.P., CHRISTOPHER, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court