<partyblock>

  
2015-1224 N CJoseph Rossi, Respondent,

against

Keith G. Scott and Margaret S. Scott, Appellants.

Appeal from a final judgment of the District Court of Nassau County, First District (Douglas J. Lerose, J.), entered December 23, 2014. The final judgment, insofar as appealed from by tenant Keith G. Scott, after a nonjury trial, and, insofar as appealed from by tenant Margaret S. Scott, following her failure to appear at the trial, entered pursuant to a decision of the same court dated December 17, 2014 awarding landlord the principal sum of $23,200 on his causes of action for arrears in rent and for use and occupancy, and awarding tenants the principal sum of $7,500 on their first counterclaim (for the return of their security deposit) and the principal sum of $100 on their third counterclaim (for water charges), awarded landlord the net principal sum of $15,600 and, in effect, dismissed tenants' second, and fourth through seventh, counterclaims, in a holdover summary proceeding.

ORDERED that so much of the appeal as was taken by tenant Margaret S. Scott is dismissed; and it is further,

ORDERED that the final judgment, insofar as appealed from, is modified by reducing the award to landlord upon landlord's causes of action for arrears in rent and for use and occupancy to the principal sum of $14,054.19, and by providing that tenants are awarded, in addition to the principal sum of $7,500 upon their first counterclaim (for the return of their security deposit) and the principal sum of $100 upon their third counterclaim (for water charges), the principal sum of $483.71 upon their second counterclaim (for various repairs), resulting in a net judgment in landlord's favor in the principal sum of $5,970.48; as so modified, the final judgment, insofar as appealed from, is affirmed, without costs.

In this holdover proceeding, landlord seeks to recover, in addition to possession, arrears in rent at the rate of $5,600 per month for two months, and use and occupancy at the rate of $6,000 per month for two months, totaling $23,200. Tenants counterclaimed for, among other things, reimbursement for repairs they had undertaken to the premises and for the return of their security deposit. At a nonjury trial, tenant Margaret S. Scott failed to appear. Tenant Keith G. Scott appeared and did not contest that tenants had left the property 35 days after the end of their lease term. The parties disputed the amount of rent arrears and use and occupancy that was owed, as well as whether any money was owed to tenants for repairs. Following the trial, the District Court awarded landlord the principal sum demanded of $23,200 for rent arrears and use [*2]and occupancy, and awarded tenants $7,500 for the return of their security deposit and $100 for an overpayment of the water bill, resulting in an award in landlord's favor of the net principal sum of $15,600. All of tenants' remaining counterclaims were implicitly dismissed.

While landlord alleged that rent was due for the months of May and June 2014, he conceded that tenants had last paid rent on April 22, 2014 and did not rebut tenant's testimony and documentary evidence
showing that rent was payable from the 22nd day of the month. As the lease terminated on June 30, 2014, the District Court's finding that tenants owed the full amount of the monthly rent for the months of May and June 2014 was not correct. Rather, tenants owed $5,600 for May 22, 2014 through June 21, 2014, and $1,680 (which equals $5,600 per month prorated for nine days) for June 22, 2014 through June 30, 2014.

After the tenancy ended on June 30, 2014, landlord was entitled, pursuant to an amendment to the lease, to use and occupancy at the rate of $6,000 per month through the date of tenants' vacatur, August 4, 2014. The District Court erred in awarding use and occupancy through August 31, 2014, as tenants are liable for use and occupancy only for the actual period that they remained in possession (see Peat v Doralis, 22 Misc 3d 142[A], 2009 NY Slip Op 50457[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2009]; Wahl v Warren, 19 Misc 3d 130[A], 2008 NY Slip Op 50537[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]). Thus, tenants owed $6,000 for July 2014 and $774.19 for four days in August 2014.

In reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]).

Here, the record established that tenants undertook and paid for repairs, for which landlord was responsible under the terms of the lease, and are therefore entitled to reimbursement for those repairs, including $206.39 for the sprinkler system, $117.32 for a drainage issue in the driveway, and $160 for a leak in the garage.

Since tenant Margaret S. Scott failed to appear at trial, she is in default and cannot appeal from the final judgment (see CPLR 5511). Thus, so much of the appeal as was taken by tenant Margaret S. Scott must be dismissed. However, since, in this holdover proceeding, tenants are united in interest, we do not limit the relief we grant to the tenant who properly appealed (see Oakwood Terrace Hous. Corp. v Monk, 50 Misc 3d 141[A], 2016 NY Slip Op 50198[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; Priegue v Paulus, 43 Misc 3d 135[A], 2014 NY Slip Op 50662[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]).

Accordingly, the final judgment, insofar as appealed from, is modified by reducing the award to landlord upon landlord's causes of action for arrears in rent and for use and occupancy to the principal sum of $14,054.19, and by providing that tenants are awarded, in addition to the principal sum of $7,500 upon their first counterclaim, and the principal sum of $100 upon their third counterclaim, the principal sum of $483.71 upon their second counterclaim, resulting in a net judgment in landlord's favor in the principal sum of $5,970.48.

Iannacci, J.P., and Brands, J., concur.

Decision Date: January 05, 2017

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>