ZELIG ZELTSER et al., Respondents, v ALAN SACERDOTE et al., Appellants. [860 NYS2d 624]—

In an action, inter alia, to compel the determination of claims to real property pursuant to RPAPL article 15, the defendants appeal from a judgment of the Supreme Court, Kings County (Ambrosio, J.), dated May 11, 2007, which, upon a decision of the same court dated December 7, 2006, made after a nonjury trial, among other things, declared that the plaintiffs are owners of the real property.

Ordered that the judgment is affirmed, with costs.

The plaintiffs and the defendants own adjoining residential properties. When the plaintiffs purchased their property in 1987 an existing fence, which was covered in rose bushes and vines, ran parallel with their property line from the street to a garage situated in the rear of their property, for a distance of approximately 100 feet. A small strip of dirt, approximately one foot wide (hereinafter the disputed property), was sandwiched between this fence and the plaintiffs' driveway. At trial, the plaintiffs testified that they believed that the disputed property, which was on their side of the fence, was their property. In furtherance of this belief, the plaintiffs planted trees in the soil of the disputed property, trimmed the bushes and vines on the fence, and installed a row of bricks as an edging. In 1991 or 1992 they installed a fence that enclosed the front portion of the disputed property, making it inaccessible from the street. Additionally, they laid asphalt on the disputed property between their garage and the defendants' garage, both of which were situated in the back portion of the respective properties.

Notwithstanding the plaintiffs' testimony, title to the disputed property was actually held by the defendants; however, the defendants never provided the plaintiffs with any information in this regard. After conducting a property survey in 2003 the defendants removed the fence and the trees. The plaintiffs commenced this action to quiet title to the disputed property, based on their claim of adverse possession.

Pursuant to RPAPL 522, a party claiming title by adverse possession, not based upon a written instrument, must show that the parcel was either "usually cultivated or improved" or "protected by a substantial inclosure" (*Seisser v Eglin*, 7 AD3d 505, 506 [2004] [citations omitted]). "In addition, the party must satisfy the common-law requirements demonstrating by clear and convincing evidence that the possession of the parcel was hostile, under claim of right, open and notorious, exclusive, and continuous for the statutory period of 10 years" (*id*. at 506).

Contrary to the defendants' contention, the trial court properly determined that the plaintiffs established, by clear and convincing evidence, that they met both the statutory and common-law requirements of adverse possession (*see Blumenfeld v DeLuca*, 24 AD3d 405 [2005]; *John Peruso Constr. Co. v Nick*, 222 AD2d 655 [1995]). Our authority to make factual determinations "is as broad as that of the trial court and . . . as to a bench trial [we] may render the judgment [we] find[ ] warranted by the facts, taking into account in a close case the fact that the

trial judge had the advantage of seeing the witnesses" (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983] [citations and internal quotation marks omitted]). Since the trial court's determination rests in large measure on considerations relating to the credibility of witnesses, we give deference to that court's credibility assessments. In the instant case, the evidence established that the plaintiffs openly used and maintained the disputed property from 1987 until 2003. The defendants contend that there was conflicting evidence as to whether the plaintiffs' possession of the disputed property was exclusive. However, the trial court, which was in a unique position to assess the evidence and the credibility of the witnesses, resolved the issue in favor of the plaintiffs (*see Cohen v Krantz*, 227 AD2d 581 [1996]). Accordingly, we affirm the judgment in favor of the plaintiffs. Rivera, J.P., Spolzino, Dickerson and Eng, JJ., concur.