195-24, LLC, Appellant,
against
Norman P. Titus, Jr., Respondent, and "John Doe" and "Jane Doe", Undertenants.



Appeal, on the ground of inadequacy, from a final judgment of the Civil Court of the City of New York, Queens County (John S. Lansden, J.), entered March 6, 2014. The final judgment, insofar as appealed from, after a nonjury trial, upon awarding landlord possession, awarded landlord the sum of only $6,671.68 in a nonpayment summary proceeding.




ORDERED that the final judgment, insofar as appealed from, is modified by increasing the amount of the monetary award in favor of landlord to the sum of $8,939.20; as so modified, the final judgment, insofar as appealed from, is affirmed, without costs.
In this nonpayment proceeding, tenant did not dispute that he had not paid the rent sought but alleged that he was entitled to an abatement because there was insufficient heat in the apartment and repairs needed to be done. Following a nonjury trial, the Civil Court found that rent in the sum of $8,939.20 was due but abated that amount by $2,267.32 to $6,671.88. Consequently, the court awarded landlord possession and the sum of $6,671.88. Landlord appeals from so much of the final judgment as awarded it only the sum of $6,671.88. 
In reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]).
While an implied warranty of habitability is contained in every residential lease (Real Property Law § 235-b), and a landlord's failure to provide heat is a recognized breach of that warranty (see Park W. Mgt. Corp. v Mitchell, 47 NY2d 316, 328 [1979]), tenant here failed to offer any details whatsoever regarding the temperatures inside or outside the apartment and therefore "failed sufficiently to prove the dates, duration and intensity of the alleged deficiencies, [*2]relative to the outdoor temperatures, to permit the court to quantify the deprivation as an abatement" (Eke v Ayanru, 2002 NY Slip Op 40206[U], *2 [App Term, 2d Dept, 2d & 11th Jud Dists 2002]; see Sinclair v Ramnarace, 36 Misc 3d 150[A], 2012 NY Slip Op 51671[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). In light of this, and of tenant's failure to establish the extent and duration of the other conditions needing repair, the proof tenant offered at trial was insufficient to sustain the award of an abatement.
Accordingly, the final judgment, insofar as appealed from, is modified by increasing the amount of the monetary award in favor of landlord to the sum of $8,939.20.
Pesce, P.J., Weston and Elliot, JJ., concur. 
Decision Date: June 23, 2016