Bill Siegel, Respondent, 
against
Sulu Mussabekova, Appellant, and Mark Samoylov, Defendant.



Appeal from a judgment of the Civil Court of the City of New York, Kings County (Noach Dear, J.), entered November 28, 2014. The judgment, insofar as appealed from, after a nonjury trial, awarded plaintiff the principal sum of $11,633.75 as against defendant Sulu Mussabekova.




ORDERED that the judgment, insofar as appealed from, is reversed, without costs, and the matter is remitted to the Civil Court for a new trial on so much of the complaint as is against defendant Sulu Mussabekova.
Plaintiff commenced this action against his former tenants to recover for failure to pay rent and for property damage to the premises. At a nonjury trial, plaintiff testified regarding damage to the apartment, the date that defendants vacated the premises, and the date defendants last paid rent. Defendant Sulu Mussabekova testified regarding, among other things, allegedly extensive mold and mice infestation conditions, which had caused the Department of Housing and Preservation Development to issue violations with respect to the apartment, the condition of the apartment when defendants first moved in, the security deposit given to plaintiff, and a date, which was over two months earlier than that to which plaintiff testified, when defendants had vacated the apartment and returned the keys. Defendant Sulu Mussabekova appeals from so much of a judgment as, after the trial, awarded plaintiff the principal sum of $11,633.75 as against her.
In reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [*2][2008]).
The record establishes that the first month's rent claimed as owing in the complaint had been actually paid, and, given that the amount awarded in the judgment was the same amount as requested in the complaint, at least one month's rent was incorrectly included in the award. Additionally, no findings were made by the trial court regarding when defendants had actually vacated the premises or what damage defendants were actually responsible for and whether any setoffs should have been applied based on defendant Sulu Mussabekova's claim of breach of the warranty of habitability (see Real Property Law § 235-b). There were also no findings made as to whether the defendants' security deposit had been used to offset the alleged rent arrears and property damage.
Accordingly, the judgment, insofar as appealed from, is reversed and the matter is remitted to the Civil Court for a new trial on so much of the complaint as is against defendant Sulu Mussabekova.
Elliot, J.P., Pesce and Aliotta, JJ., concur.
Decision Date: January 06, 2017