Lakhram Omwathath, Appellant,
against
Virappen Mootoosammy, Respondent. 



Lakhram Omwathath, appellant pro se.
Virappen Mootoosammy, respondent pro se (no brief filed).
Appeal from a judgment of the Civil Court of the City of New York, Kings County (Noach Dear, J.), entered January 29, 2016. The judgment, insofar as appealed from, after a nonjury trial of a consolidated Civil Court action and small claims action, dismissed the complaint and the cause of action that had been asserted in the small claims action.




ORDERED that, on the court's own motion, the notice of appeal filed November 27, 2015 from a judgment of the same court purportedly entered October 8, 2015, is deemed a premature notice of appeal from the judgment entered January 29, 2016; and it is further,
ORDERED that the judgment, insofar as appealed from, is affirmed, without costs.
Plaintiff commenced a Civil Court action against defendant, his former tenant, to recover unpaid use and occupancy, and defendant interposed a counterclaim for harassment. Plaintiff also commenced a separate small claims action to recover for damage that was allegedly done to the door of his apartment by defendant. The actions were consolidated by the Civil Court. At a nonjury trial, defendant testified that any rent arrears had been waived by plaintiff in a so-ordered stipulation in a proceeding brought in the Housing Part, and introduced into evidence a copy of the stipulation and a receipt stating that defendant had moved out of the apartment, "giving it back in good condition," and was returning the keys. Insofar as is relevant to this appeal by plaintiff, following the trial, the Civil Court dismissed the complaint and the cause of action that had been asserted in the small claims action.
In reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]).
The Civil Court's determination is supported by the proof at trial. Plaintiff did not deny that he had signed the receipt proffered at trial stating that defendant vacated the premises and that the premises was in "good condition." Moreover, a review of the record establishes that plaintiff did not even allege that defendant damaged his door, much less establish the damages he allegedly sustained for the door's damage. In addition, the Civil Court could credit defendant's testimony that he timely vacated but was unable to contact plaintiff to return the keys until two days later.
Accordingly, the judgment, insofar as appealed from, is affirmed.
Weston, J.P., Solomon and Elliot, JJ., concur.
Decision Date: April 14, 2017