Orlin & Cohen Orthopedic Assoc., as Assignee of Kenneth Bader, Appellant,
against
Allstate Insurance Company, Respondent.




Law Offices of Mandell and Santora, (Eitan Nof, Esq.), for appellant.
Peter C. Merani, P.C. (Eric M. Wahrburg, Esq.), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Sally E. Unger, J.), entered March 12, 2014. The judgment, entered upon a decision of the same court dated February 7, 2014, insofar as appealed from, after a nonjury trial, in effect, dismissed so much of the complaint as sought to recover upon a claim in the sum of $12,862.87.




ORDERED that, on the court's own motion, the notice of appeal from the decision dated February 7, 2014 is deemed a premature notice of appeal from the judgment entered March 12, 2014 (see CPLR 5520 [c]); and it is further,
ORDERED that the judgment, insofar as appealed from, is affirmed, with $25 costs.
At a nonjury trial in this action by a provider to recover assigned first-party no-fault benefits, plaintiff's motion for a directed verdict upon a claim dated November 3, 2007 was granted and the trial proceeded with respect to the medical necessity of a claim seeking the sum of $12,862.87 for spinal surgery. Defendant's witness was the orthopedist who had prepared the peer review report upon which defendant relied when it denied plaintiff's claim. Although plaintiff's counsel cross-examined defendant's witness, plaintiff did not call any witnesses to rebut defendant's doctor's testimony that the surgery was not medically necessary because it was not causally related to the accident in question. The Civil Court awarded plaintiff the principal sum of $1,376.32 upon the November 3, 2007 claim, and found in favor of defendant and dismissed the complaint insofar as it sought to recover upon the claim for spinal surgery. Plaintiff appeals from so much of the judgment as, in effect, dismissed so much of the complaint as sought to recover upon the claim in the sum of $12,862.87.
In reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts, [*2]bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824 [2008]).
The record supports the determination of the Civil Court, which was based upon its assessment of the credibility of defendant's witness. Since defendant sufficiently rebutted the presumption of medical necessity and plaintiff failed to meet its ultimate burden of proving, by a preponderance of the evidence, that the spinal surgery was medically necessary, we find no basis to disturb the Civil Court's finding with respect thereto (see Dayan v Allstate Ins. Co., 49 Misc 3d 151[A], 2015 NY Slip Op 51751[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
Accordingly, the judgment, insofar as appealed from, is affirmed.
WESTON, J.P., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 21, 2017