Sleepable Sofa, Ltd., Respondent, 
against
Wilson Henderson, Doing Business as Stonewall Veterans Association, Appellant.




Kazmi & Reeves, LLP (John W. Reeves of counsel), for appellant.
Meyers, Saxon & Cole (Margaret J. Leszkiewicz of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Noach Dear, J.), entered December 1, 2015. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $2,900.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this action to recover the principal sum of $2,900, alleging that this was the balance owed after defendant had purchased a couch from plaintiff's store, made a deposit, and taken delivery on the couch. After a nonjury trial, the Civil Court found in favor of plaintiff, awarding it the principal sum of $2,900, finding that it had proved its prima facie case.
In reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]). Upon a review of the record, we find, contrary to defendant's argument, that there is adequate support for the Civil Court's determination that defendant entered into the agreement to purchase the couch. It is undisputed that there is a balance due of $2,900, and defendant did not [*2]produce any evidence to support his claim that the couch was defective. 
Defendant argues that the Civil Court improperly declined his request for an adjournment, and that he could have rebutted plaintiff's case had he been granted the adjournment. However, the details of the request for the adjournment, while set forth in defendant's brief, are not a part of the record on appeal, and this court cannot consider these dehors-the-record allegations (see Chimarios v Duhl, 152 AD2d 508 [1989]). Finally, contrary to defendant's argument, improper venue is not a ground for dismissal (see CCA 306).
Accordingly, the judgment is affirmed. 
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 23, 2018