Westcan Chiropractic, P.C., as Assignee of Corey Miles, Respondent, 
against
ELCO Administrative Services, Appellant.




Law Office of Lawrence N. Rogak, LLC (Lawrence N. Rogak of counsel), for appellant.
Parker Waichman, LLP (Denny Tang of counsel), for respondent.

Appeal from a decision of the District Court of Nassau County, First District (Ignatius L. Muscarella, J.), dated September 14, 2015, deemed from a judgment of that court entered June 9, 2016 (see CPLR 5512 [a]). The judgment, entered pursuant to the decision, after a nonjury trial, awarded plaintiff the principal sum of $5,054.67.




ORDERED that the judgment is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, a nonjury trial was held which, following the submission of a stipulation, was limited to defendant's defense of lack of medical necessity for the services in dispute—three manipulation-under-anesthesia (MUA) treatments. Defendant's witness, a chiropractor who had prepared the peer review report upon which defendant had relied when it denied plaintiff's claims, testified that the medical records which he had reviewed indicated that the assignor had received standard chiropractic treatment for 10 weeks before the MUA treatments commenced. The witness also stated that there was no indication that the assignor had not been responding to the chiropractic treatments and that, in the witness's opinion, the MUA treatments had been done prematurely and were not medically necessary. Defendant's witness further testified that he "took issue with" the lack of second opinions for the MUAs. Plaintiff's rebuttal witness, the examining chiropractor, testified that, because the conservative care which the assignor had received for 10 weeks had resulted in only minimal improvement, he had recommended MUA treatments. Plaintiff's witness testified that, based upon his own examinations of the assignor following each of the MUA treatments and his review of medical records, the assignor's condition had improved because of the MUA treatments, and that those treatments were medically necessary. On redirect examination, plaintiff's witness answered in the affirmative when asked if, under the guidelines of the National Academy of Manipulation Under Anesthesia Physicians, a second opinion is necessary to [*2]evaluate the ability of a patient to undergo general anesthesia, but not to evaluate the medical necessity of the MUA.
In a decision at the conclusion of the trial on September 14, 2015, the District Court found that the rebuttal testimony of plaintiff's chiropractor had established that the purpose of a second opinion applies to the anesthesia part of the treatment and not the manipulation, and that "[t]he manipulation itself appears to be warranted," and awarded judgment to plaintiff. Defendant's appeal from the September 14, 2015 decision is deemed to be from a judgment entered June 9, 2016, pursuant to the decision, awarding plaintiff the principal sum of $5,054.67.
The determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824 [2008]). As the District Court's findings were based upon credibility determinations which are supported by the record, we find no reason to disturb the District Court's award in favor of plaintiff.
Accordingly, the judgment is affirmed.
RUDERMAN, J.P., TOLBERT and BRANDS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk