Allied Building Products Corp., Appellant,
against
Cyber-Struct General Contractors, Inc., Respondent, and Damon Coromilas, Defendant.



Meyers, Saxon & Cole, Esqs. (Margaret J. Leskiewicz and Alan Estreicher of counsel), for appellant.
Kushnick Pallaci, PLLC (Jeffrey A. Lhuillier of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (John J. Kelley, J.), entered September 15, 2016. The judgment, upon a decision of that court dated May 11, 2016, after a nonjury trial, dismissed the complaint and awarded defendant Cyber-Struct General Contractors, Inc. the total sum of $13,202.89 on its counterclaim.




ORDERED that, on the court's own motion, the notice of appeal from the decision dated May 11, 2016 is deemed a premature notice of appeal from the judgment entered September 15, 2016 (see CPLR 5520 [c]); and it is further,
ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this breach of contract action to recover the principal sum of $18,431.84, alleging that it and Cyber-Struct General Contractors, Inc. (defendant) had entered into a contract pursuant to which plaintiff had sold and delivered goods to defendant, but that defendant had failed to pay the amount due.[FN1]
Defendant answered and counterclaimed to recover the principal sum of $16,182.91, alleging that it had overpaid plaintiff. At a nonjury trial, plaintiff called two witnesses, neither of whom testified that they had been involved in taking defendant's orders, but both of whom were aware that before an order is placed, defendant's [*2]owner has to give approval. Moreover, with respect to plaintiff's alleged delivery to defendant's project of the goods being sued upon, neither of plaintiff's witnesses could explain why some deliveries had been made to a different project location or what the exact process entailed. Defendant's owner testified that there was one order acknowledgment between the parties which totaled $40,902.46 and that defendant had been billed for material it had not approved, ordered or received. Following the trial, the Civil Court dismissed the complaint and awarded defendant the total sum of $13,202.89 on its counterclaim. Plaintiff appeals.

In reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]).

Plaintiff failed to establish that defendant had ordered the goods being sued upon or that the goods had been delivered to defendant and had not been paid for. While defendant made a partial payment on an invoice submitted by plaintiff, that payment contained an objection, and thus, that payment was not an acknowledgment of delivery of the goods in question. Moreover, the court properly awarded defendant the total sum of $13,202.89 on its counterclaim for overpayment, as the evidence demonstrated that defendant had paid in excess of what was owed.

Accordingly, the judgment is affirmed.

PESCE, P.J., WESTON and ALIOTTA, JJ., concur.



ENTER:

Paul Kenny

Chief Clerk

Decision Date: February 15, 2019



Footnotes

Footnote 1: Plaintiff withdrew so much of the complaint as was asserted against Damon Coromilas.