Theresa Scavo, Appellant,
against
The Pool Guys and Larry Williams, Respondents, and Marta Starker and Jeff Starker, Defendants.




Gayle A. Mandaro, Esq., for appellant.
The Pool Guys and Larry Williams, respondents pro se (no brief filed).

Appeal from a judgment of the District Court of Suffolk County, Fourth District (James F. Matthews, J.), entered September 1, 2017. The judgment, insofar as appealed from, after a nonjury trial, dismissed so much of the complaint as was asserted against defendants The Pool Guys and Larry Williams.




ORDERED that the judgment, insofar as appealed from, is reversed, without costs, and the matter is remitted to the District Court for the entry of a judgment in favor of plaintiff as against defendants The Pool Guys and Larry Williams in the principal sum of $7,900.
In 2007, plaintiff commenced this action alleging, among other things, that an employee of The Pool Guys and Larry Williams (defendants), while cleaning the pool of plaintiff's neighbors, defendants Marta Starker and Jeff Starker (the Starkers), in 2004, caused water to flood plaintiff's basement, which damaged her walls, ceiling, doors and floor. Defendants interposed a counterclaim.
At a nonjury trial in 2016, the complaint, insofar as was asserted against the Starkers, was withdrawn after the Starkers' insurance company paid plaintiff $1,000. Plaintiff's contractor, who did not inspect the basement until 2016, estimated that the damage to the basement, which included removing sheetrock from the ceiling and installing new sheetrock, priming and painting, removing the vinyl tile floor and installing a new vinyl tile floor, and removing three doors and installing new doors, would cost a total of $8,900 to repair. The contractor testified that this work needed to be done due to the water damage and mildew caused by the 2004 flood. Plaintiff and her daughter testified that the items to be repaired in the estimate were the items that were damaged by the flood in 2004 and that no other event had occurred that had caused water damage [*2]to the basement since 2004. Larry Williams, the owner of The Pool Guys, testified that the water from the Starkers' pool could not have caused the damage of which plaintiff complains. Following the trial, the District Court, finding that plaintiff had proven liability but failed to establish damages, dismissed the complaint and the counterclaim. Insofar as is relevant to this appeal, a judgment was entered in favor of defendants dismissing so much of the complaint as was against them.
In reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824 [2008]).
We agree with the District Court's determination that there was sufficient evidence to establish that the damage to the basement as testified to by plaintiff, her daughter and her contractor, was the result of the 2004 flooding. Moreover, contrary to defendants' contention, there was no opposing evidence presented at trial to show that the water damage was due to anything other than the 2004 flooding. With respect to damages, we find, contrary to the District Court's determination, that, based on the testimony of plaintiff's contractor, plaintiff established that she had sustained damages in the sum of $8,900. Since plaintiff has already been compensated $1,000 in insurance proceeds from the Starkers' policy, plaintiff should be awarded judgment in the principal sum of $7,900 as against defendants.
Accordingly, the judgment, insofar as appealed from, is reversed and the matter is remitted to the District Court for the entry of a judgment in favor of plaintiff in the principal sum of $7,900 as against defendants The Pool Guys and Larry Williams.
ADAMS, P.J., GARGUILO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 07, 2019