Advanced Orthopedics, PLLC, as Assignee of Nicol Karavangelas, Appellant, 
against
GEICO, Respondent.




Jonathan B. Seplowe, Esq. (Damin J. Toell of counsel), for appellant.
Law Office of Goldstein & Flecker (Lawrence J. Chanice of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Joseph J. Esposito, J.), entered February 11, 2016. The judgment, after a nonjury trial, dismissed the complaint.




ORDERED that the judgment is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, a nonjury trial was held, limited, pursuant to a stipulation, to defendant's defense of lack of medical necessity for the knee surgery at issue. Defendant's expert witness testified that the surgery was not medically necessary because it was not causally related to the accident in question, while plaintiff presented its own expert witness who rebutted defendant's witness's testimony. The Civil Court dismissed the complaint, finding defendant's witness to be "credible, worthy of belief, and persuasive."
In reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824 [2008]). As the record supports the determination of the Civil Court with respect to the lack of medical necessity of the knee surgery, which was based upon its assessment of the credibility of the witnesses, we find no basis to disturb the Civil Court's finding with respect thereto.
Accordingly, the judgment is affirmed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 29, 2019