Highview at Huntington Owners Corp., Respondent,
against
Marina C. John-Lewis, Appellant, et al., Undertenants.




Herman Kaufman, Esq., for appellant.
Schneider Buchel, LLP (Marc H. Schneider of counsel), for respondent.

Appeal from a final judgment of the District Court of Suffolk County, Third District (James P. Matthews, J.), entered September 13, 2017. The final judgment, after a nonjury trial, awarded landlord possession in a holdover summary proceeding.




ORDERED that the final judgment is affirmed, without costs.
Landlord, a cooperative corporation, commenced this holdover proceeding against tenant, a proprietary lessee, alleging a breach of the proprietary lease based on conditions in tenant's apartment. At a nonjury trial, tenant's attorney appeared but tenant did not, and counsel did not ask for an adjournment. The court noted that tenant had been granted numerous prior adjournments and proceeded with the trial. Notices to cure dated April 18, 2016 and June 10, 2016, respectively, were entered into evidence at trial, which included a claim that, on December 17, 2015, there were trash and boxes piled to the ceiling in tenant's living room and dining room. Landlord's property manager testified that an inspection on July 6, 2016 revealed wall-to-wall clutter throughout the first floor of tenant's unit, but the witness was not permitted to inspect the second floor. She testified that tenant had been given an opportunity to cure, but that conditions were the same on July 29, 2016, and that the second floor was similarly cluttered. The notice of [*2]termination, which was entered into evidence, terminated the tenancy as of January 16, 2017. Following the trial, a final judgment was entered on September 13, 2017 awarding landlord possession.
Contrary to tenant's position on appeal, the final judgment was not entered on her default since, as she notes in her brief, she was represented by counsel at trial. To the extent that she argues that an adjournment should have been granted, we note that her attorney did not ask for one. 
The District Court found that there was a valid termination of tenant's proprietary lease based on the reasons set forth in the notice of termination. In reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]). To the extent that tenant argues that there was no basis for the termination of her proprietary lease, we find that the record supports the District Court's determination. Tenant's final argument is similarly without merit.
Accordingly, the final judgment is affirmed. 
GARGUILO, J.P., TOLBERT and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 23, 2019