Mohammad Sharif, Respondent,
against
Ilmije Parllaku, Appellant. 




Ilmije Parllaku, appellant pro se.
Mohammad Sharif, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Cenceria P. Edwards, J.), entered September 1, 2017. The judgment, after a nonjury trial, awarded plaintiff the sum of $14,092 and implicitly dismissed defendant's counterclaim.




ORDERED that the judgment is modified by vacating the award in favor of plaintiff; as so modified, the judgment is affirmed, without costs, and the matter is remitted to the Civil Court for a new trial on plaintiff's cause of action limited to the issue of damages.
Plaintiff commenced this action to recover the sum of $24,885 allegedly due on his contract with defendant for work done on defendant's property. At a nonjury trial, defendant's daughter testified that defendant had entered into a contract for the sum of $15,000, but subsequently had agreed to pay a higher price of $19,350. Defendant produced a receipt showing that she had paid $6,091.50 by credit card for the purchase of materials. While acknowledging plaintiff's payment of "$6,000," the Civil Court (Cenceria P. Edwards, J.) found that defendant had failed to support her contention that she had paid plaintiff "$19,000" in cash, which amount plaintiff denied receiving. The court determined that plaintiff had established his prima facie case, and a judgment was entered on September 1, 2017 awarding plaintiff the sum of $14,092 and implicitly dismissing defendant's counterclaim.
In reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [*2][2008]). 
Defendant's witness admitted that defendant had entered into a contract with plaintiff in the sum of $19,350, but the Civil Court found that defendant had failed to support her contention that she had paid that amount in cash to plaintiff. While the court then acknowledged a credit card payment by defendant in the sum of approximately $6,000, the court awarded plaintiff a judgment in the sum of $14,092 without setting forth how it arrived at that figure. While we find no basis to disturb the court's credibility determinations, in finding in favor of plaintiff on his cause of action and its implicit dismissal of defendant's counterclaim, the record does not support an award of $14,092. 
Accordingly, the judgment is modified by vacating the award in favor of plaintiff. The matter is remitted to the Civil Court for a new trial on plaintiff's cause of action limited to the issue of damages.
ALIOTTA, J.P., PESCE and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 16, 2019