867-871 Knickerbocker, LLC, Appellant,
against
Martha C. Poli, Respondent, et al., Undertenants. 




Law Office of Allen Schwartz (Frank R. Seddio of counsel), for appellant.
David J. Melo, Esq., for respondent (no brief filed).

Appeals from a decision of the Civil Court of the City of New York, Kings County (Cheryl J. Gonzales, J.), dated January 3, 2017, and a final judgment of that court entered April 3, 2017. The final judgment, entered pursuant to the decision, after a nonjury trial, dismissed the petition in a holdover summary proceeding.




ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see CCA 1702); and it is further,
ORDERED that the final judgment is affirmed, without costs.
In this holdover proceeding, the petition alleges that tenant's oral month-to-month rental agreement was terminated and that the building in which tenant's apartment is located had been deregulated as the result of a substantial rehabilitation after 1974 (see Rent Stabilization Code [9 NYCRR] [RSC] § 2520.11 [e]). Tenant defended upon the ground, among others, that the building had not been substantially rehabilitated within the meaning of RSC § 2520.11 (e). 
At a nonjury trial, landlord's witnesses testified to the construction that had been done with respect to the plumbing, heating, gas supply, electrical wiring, intercoms, windows, roof, fire escapes, interior stairways, kitchens, bathrooms, floors, ceiling and wall surfaces, and pointing of the building exterior. Landlord's expert engineer concluded that an estimated 89% of the building had been rehabilitated. Only landlord's principal, Benzion Eisenberg, however, had any personal knowledge of the condition of the building prior to the construction work. With respect to that condition, Mr. Eisenberg stated only that the building had been "very neglected," "obviously wasn't taken care of," "the steps were run down," "the plumbing was broken, holes in the walls, doors missing. I mean nothing was good," "derelict," and that there were "electrical problems, plumbing issues, you name it." Mr. Eisenberg stated that there were still "some people" living in the building prior to the construction work. Mr. Eisenberg further stated that he [*2]could not remember the layout of the apartments before the renovation, and he did not know whether photographs of the building had been taken before the construction had begun. Landlord failed to produce any records demonstrating the condition of the building prior to the construction. 
In a decision after trial dated January 3, 2017, the Civil Court found that landlord's evidence was insufficient to allow for a finding that the building had been in the required "substandard or seriously deteriorated condition" prior to the construction work. A final judgment was entered on April 3, 2017 dismissing the petition. On appeal, landlord contends, among other things, that it made a proper showing under RSC § 2520.11 (e) that the property had been in a "substandard or seriously deteriorated condition" and had been "substantially rehabilitated."
In reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]).
Pursuant to RSC § 2520.11 (e), housing accommodations are exempt from rent stabilization if they are "in buildings completed or buildings substantially rehabilitated as family units . . . that meet the following criteria, . . . the rehabilitation must have been commenced in a building that was in a substandard or seriously deteriorated condition." 
"[T]he basic purpose of [this] exemption is to increase the number of habitable family units available to the residents of [the City]. The mechanism by which this is accomplished is to encourage building owners to substantially rehabilitate commercial, or substandard or deteriorated housing stock by permitting them to recoup their expenses free of stabilized rents"(Bartis v Harbor Tech, LLC, 147 AD3d 51, 57-58 [2016], citing Matter of Eastern Pork Prods. Co. v New York State Div. of Hous. & Community Renewal, 187 AD2d 320, 324 [1992]).
We agree with the Civil Court that the evidence produced by landlord was insufficient to support a finding that the requirements set forth in RSC § 2520.11 (e) and Operational Bulletin 95-2 of the New York State Division of Housing and Community Renewal, allowing for exemption from rent regulation, had been met. While landlord introduced extensive proof regarding the construction work that was done, it failed to establish that the Code's precondition that the building had been in substandard condition prior to the construction was met, because it failed to produce any records demonstrating the condition of the building prior to the construction and relied solely on testimony that was conclusory.
Accordingly, the final judgment is affirmed.
WESTON, J.P., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 23, 2019