Noor M. Mengle and Asadullah N. Mengle, Respondents, 
against
TJ Auto Doctor, Inc., Ginish Muhavir and Surndar P. Singh, Appellants. 




Gottlieb Ostrager, LLP (Aaron E. Meyer of counsel), for appellants.
Noor M. Mengle and Asadullah N. Mengle, respondents pro se.

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Jodi Orlow, J.), entered June 4, 2015. The judgment, after a nonjury trial, awarded plaintiffs the principal sum of $4,900 and dismissed the counterclaim.




ORDERED that the judgment is affirmed, without costs.
In this action to recover the principal sum of $17,306, plaintiffs allege that defendants damaged their automobile, failed to provide repairs, failed to return a deposit, and caused plaintiffs to lose time from work. Defendants' answer denied the allegations of the complaint and asserted affirmative defenses, and a counterclaim to recover the sum of $3,500, alleging that plaintiffs had unlawfully retained a motor vehicle engine which defendants' mechanic had properly installed in plaintiffs' vehicle. 
At a nonjury trial, plaintiff Noor M. Mengle testified that he and his son, plaintiff Asadullah N. Mengle, drive a Toyota Camry for a living. They lease a medallion for $200 a day, and Noor drives the day shift and his son drives the night shift. When their car broke down, plaintiffs brought the vehicle to defendant TJ Auto Doctor, Inc. (TJ Auto) on May 1, 2014, where defendants Ginish Muhavir and Surndar P. Singh promised that the car's engine would be [*2]repaired at a cost of $3,500, and would be ready the following day. Plaintiffs paid $3,500 but the car was not ready the following day. Plaintiffs were told that they needed to take the car elsewhere to have the battery fixed. Over the next several days, the vehicle was brought back and forth to TJ Auto and other repair shops. Finally, on May 8, 2014, the battery was replaced at another repair shop, New Harry's, and then towed back to TJ Auto to have the engine repaired. Noor testified that he was ultimately told that TJ Auto was unable to repair the engine but plaintiffs did not get their money back. On May 10, 2014, plaintiffs towed the car to New Harry's to replace the engine at a cost of $4,899.37. The car was not repaired until May 13, 2014.
Defendant Singh testified that he has been a licensed automobile mechanic since 1995 and that the vehicle's engine was replaced at TJ Auto but then the battery needed to be replaced because there was water damage. Singh also testified that he returned the $3,500 payment to plaintiffs but that he did not have a receipt therefor. Singh expected plaintiffs to return the engine which defendants' mechanic had installed, but plaintiffs never did.
Following the trial, the Civil Court awarded plaintiffs judgment in the principal sum of $4,900, representing the $3,500 that plaintiffs had paid for the engine that was never installed and $1,400 for the lease of the medallion for the seven days that plaintiffs' vehicle was at TJ Auto, and dismissed the counterclaim. 
In reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]).
Here, the record supports the Civil Court's determination in favor of plaintiffs, based in part on a finding that, as Noor testified, defendants did not repair or replace the engine in plaintiffs' vehicle and that defendants never returned plaintiffs' $3,500 payment. The Civil Court was entitled to credit Noor's testimony and reject that of Singh. Thus, the court properly awarded plaintiffs $3,500 and dismissed the counterclaim.
Moreover, the evidence revealed that defendants had promised to repair plaintiffs' vehicle in one day. In addition, the evidence supports the finding that, as a result of defendants' actions, which caused plaintiffs' vehicle to be left unrepaired at the shop for 7 of the 13 days even though defendants were not waiting for parts or repairing the car, plaintiffs lost time from work. While plaintiffs did not establish their loss of earnings, they established that the lease of the medallion cost them $200 a day. Consequently the award to plaintiffs of an additional $1,400 to cover the consequential damages flowing from the misrepresentation was warranted.
Accordingly, the judgment is affirmed.
ALIOTTA, J.P., PESCE and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 6, 2019