Agras Realty, LLC, Appellant,
against
Anthony Susi and Christine Susi, Respondents. 

Cornicello, Tendler & Baumel-Cornicello, LLP (Jay H. Berg of counsel), for appellant.
Brooklyn Legal Services (Joshua Elmore of counsel), for respondents.

Appeal from an order of the Civil Court of the City of New York, Kings County (Gary Franklin Marton, J.), dated September 12, 2017. The order denied the branch of landlord's motion seeking the entry of a final judgment of possession and the issuance of a warrant of eviction based on tenants' failure to comply with a stipulation of settlement in a holdover summary proceeding.
ORDERED that the order is affirmed, without costs. 
In this holdover proceeding, landlord and tenants entered into a stipulation of settlement dated April 27, 2016, wherein tenants agreed, as pertinent here, to refrain from smoking and permitting any visitors to smoke in their apartment for a period of one year and to ensure that no cigarette smoke would travel from their apartment to any other apartments and common areas of the building should they smoke in their apartment after that one-year period. The stipulation of settlement further provided that, "[i]n the event of a breach of this stipulation by [tenants, landlord] may move . . . for an evidentiary hearing to determine whether there has been a default, and, if so, may move for the immediate entry of a judgment of possession and a warrant of eviction." In May 2016, landlord moved for, among other things, the entry of a final judgment of possession and the issuance of a warrant of eviction based on tenants' alleged failure to comply with the stipulation. After a hearing, the Civil Court denied the branch of landlord's motion seeking the entry of a final [*2]judgment of possession and the issuance of a warrant of eviction, finding that tenants had not breached the stipulation. 
In reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116, 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]).
Upon a review of the record, we find that the record supports the court's conclusion that landlord failed to establish a breach of the stipulation.
Accordingly, the order is affirmed. 
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 29, 2020