Jakubowski v Gelles (2021 NY Slip Op 50415(U))

[*1]

Jakubowski v Gelles

2021 NY Slip Op 50415(U) [71 Misc 3d 135(A)]

Decided on May 7, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 7, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2019-712 K C

Wojciech Jakubowski, Appellant,
against
Ron Gelles, Defendant, and Innova Interiors, Inc., Respondent.

Wojciech Jakubowski, appellant pro se.
Ronald A. Berutti, for respondent (no brief filed).

Appeal, on the ground of inadequacy, from a judgment of the Civil Court of the City of New
York, Kings County (Lizette Colon, J.), entered April 10, 2018. The judgment, after a nonjury
trial, awarded plaintiff the principal sum of only $4,000 as against defendant Innova Interiors,
Inc.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this action seeking to recover the sum of $16,140 plus interest alleging,
insofar as relevant to this appeal, that Innova Interiors, Inc. (defendant) failed to pay for
architectural services rendered. Defendant denied the allegation and a nonjury trial ensued. The
evidence at the trial established that plaintiff was an independent contractor who did architectural
drawings for defendant from July 29, 2016 to September 28, 2016. There was no written contract
between the parties. Plaintiff admitted that he had agreed to charge an hourly rate of $30 and that
defendant had made a partial payment for services rendered. Plaintiff subsequently sent
defendant three invoices charging a $30 hourly rate. When defendant failed to pay those invoices,
plaintiff sent defendant three other invoices for the same services as set forth in the three prior
ones but charging a $45 hourly rate therefor. The Civil Court found in favor of plaintiff and
awarded him $4,000 based upon a $30 per hour rate. Plaintiff appeals arguing that [*2]he was entitled to an award based on a $45 hourly rate after
defendant failed to pay his initial invoices.
In reviewing a determination made after a nonjury trial, the power of this court is as broad as
that of the trial court, and this court may render the judgment it finds warranted by the facts,
bearing in mind that the determination of a trier of fact as to issues of credibility is given
substantial deference, as a trial court's opportunity to observe and evaluate the testimony and
demeanor of the witnesses affords it a better perspective from which to assess their credibility
(see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492
[1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52
AD3d 824 [2008]).
Upon a review of the record, we find no basis to disturb the Civil Court's determination that
plaintiff was entitled to be paid at a $30, rather than $45, hourly rate.
Accordingly, the judgment is affirmed.
WESTON, J.P., ELLIOT and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 7, 2021