Wellmax Prods. Corp. v State Farm Mut. Auto. Ins. Co. (2021 NY Slip Op
50448(U))

[*1]

Wellmax Prods. Corp. v State Farm Mut. Auto. Ins. Co.

2021 NY Slip Op 50448(U) [71 Misc 3d 138(A)]

Decided on May 14, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 14, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-1034 K C

Wellmax Products Corp., as Assignee of
Stephanie Crespo, Appellant, 
against
State Farm Mutual Automobile Ins. Co., Respondent.

The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
James F. Butler & Associates, for respondent (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Richard
J. Montelione, J.), entered January 9, 2018. The judgment, after a nonjury trial, dismissed the
complaint.

ORDERED that the judgment is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, a nonjury trial
was held, limited to the issue of whether verification that had been requested by defendant
remained outstanding. Following the trial, the Civil Court dismissed the complaint, stating on the
record that the testimony proffered by defendant's witness was credible.
In reviewing a determination made after a nonjury trial, the power of this court is as broad as
that of the trial court, and this court may render the judgment it finds warranted by the facts,
bearing in mind that the determination of a trier of fact as to issues of credibility is given
substantial deference, as a trial court's opportunity to observe and evaluate the testimony and
demeanor of the witnesses affords it a better perspective from which to assess their credibility
(see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492
[1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52
AD3d 824 [2008]). As the record supports the Civil Court's determination, which was based
upon its assessment of the credibility of the only witness to testify, we find no basis to disturb the
Civil Court's finding.
Accordingly, the judgment is affirmed.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 14, 2021