Pavlova v Global Liberty Ins. (2021 NY Slip Op 50724(U))

[*1]

Pavlova v Global Liberty Ins.

2021 NY Slip Op 50724(U) [72 Misc 3d 135(A)]

Decided on July 23, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 23, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, DONNA-MARIE E. GOLIA,
JJ

2019-1634 K C

Ksenia Pavlova, D.O., as Assignee of David
Wright, Respondent, 
against
Global Liberty Insurance, Appellant. 

Law Office of Jason Tenenbaum, P.C. (Jason Tenenbaum and Shaaker Bhuiyan of counsel), for
appellant.
The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Cenceria
P. Edwards, J.), entered April 18, 2019. The judgment, entered upon a decision of that court
dated February 21, 2019, after a nonjury trial, awarded plaintiff the principal sum of
$2,111.94.

ORDERED that, on the court's own motion, the notice of appeal from the decision dated
February 21, 2019 is deemed a premature notice of appeal from the judgment entered April 18,
2019 (see CPLR 5520 [c]); and it is further,
ORDERED that the judgment is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals from a judgment, after a nonjury trial, awarding plaintiff the principal sum of $2,111.94.
At the outset of the trial, the parties stipulated that the sole issue for trial would be the application
of the workers' compensation fee schedule, and that the instant action would be consolidated for
trial with two other actions involving the same provider and insurer. Following the trial, the Civil
Court found in favor of plaintiff.
When reviewing a determination made after a nonjury trial, the power of this court is as
broad as that of the trial court, and this court may render the judgment it finds warranted by the
facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given
substantial deference, as a trial court's opportunity to observe and evaluate the testimony and
demeanor of the witnesses affords it a better perspective from which to assess their credibility
[*2](see Northern Westchester Professional Park Assoc. v
Town of Bedford, 60 NY2d 493 [1983]; Hamilton v Blackwood, 85 AD3d 1116
[2011]; Zeltser v Sacerdote, 52 AD3d 824 [2008]).
In the present case, the record supports the finding of the Civil Court, based upon its
assessment of the credibility of defendant's witness and the proof adduced at trial, that defendant
failed to demonstrate that the amount plaintiff sought to recover exceeded the amount permitted
by the workers' compensation fee schedule. Consequently, we find no basis to disturb the Civil
Court's determination.
Accordingly, the judgment is affirmed.
ALIOTTA, P.J., and GOLIA, J., concur.
ELLIOT, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 23, 2021