Cruise v Coleman (2021 NY Slip Op 50835(U))

[*1]

Cruise v Coleman

2021 NY Slip Op 50835(U) [72 Misc 3d 140(A)]

Decided on August 20, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 20, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-1620 Q C

Carolyn Cruise, Respondent,
against
Rohan Coleman, Also Known as Romeo, Appellant.

Rohan Coleman, appellant pro se.
Carolyn Cruise, respondent pro se (no brief filed).

Appeal from a decision of the Civil Court of the City of New York, Queens County (Lourdes
M. Ventura, J.), dated May 29, 2019, deemed from a judgment of that court entered June 3, 2019
(see CPLR 5512 [a]). The judgment, upon the decision, after a nonjury trial, awarded plaintiff the
principal sum of $4,350.

ORDERED that the judgment is affirmed, without costs.
In this action, commenced in February of 2019, plaintiff seeks to recover the sum of $5,070
for defendant's failure to return certain of plaintiff's property and for a locksmith fee plaintiff had
to pay to retrieve other property. 
At a nonjury trial, plaintiff testified that she was a tenant in the home of defendant and his
wife, who is plaintiff's sister. After a few conflicts and an incident where plaintiff damaged
defendant's gate, plaintiff was arrested and defendant was granted a restraining order against
plaintiff, causing plaintiff to move out. When plaintiff returned with the police to retrieve her
things, she needed to call a locksmith, as the door was locked. Once inside, she noticed some of
her belongings were missing, including a mink coat, a dog cage and a pair of earrings. Plaintiff
submitted receipts for these three items which showed that plaintiff paid $3,795 for the mink
[*2]coat, $602 for the earrings and $154.29 for the dog cage. A
2010 Mac computer was also missing but plaintiff did not have a receipt for it. The Mac
computer's value was listed at $100 on the verification of crime/lost property police report, along
with values for the other three items. Plaintiff also submitted the $300 receipt from the locksmith
who provided her with entry to retrieve her things. Defendant did not dispute the value of the
missing items, asserting only that he did not take the items. Following the trial, the Civil Court
found in favor of plaintiff and, after taking depreciation into account, awarded her the principal
sum of $4,350.
In reviewing a determination made after a nonjury trial, this court gives substantial deference
to the determination of a trier of fact as to issues of credibility, as a trial court's opportunity to
observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective
from which to assess their credibility (see Northern Westchester Professional Park Assoc. v
Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116
[2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]). Upon a review of the record, we
find that the Civil Court was entitled to credit plaintiff's testimony and conclude that plaintiff had
presented sufficient evidence warranting a judgment in her favor.
Defendant's argument that he was deprived of a jury trial is without merit.
Accordingly, the judgment is affirmed.
WESTON, J.P., TOUSSAINT and GOLIA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 20, 2021