Andujar v Ng (2021 NY Slip Op 51251(U))

[*1]

Andujar v Ng

2021 NY Slip Op 51251(U) [73 Misc 3d 145(A)]

Decided on December 22, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 22, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2018-2121 K C

Elizabeth Andujar, Respondent,
against
Cheryl Howong Ng and Kwok Wah Ng, Appellants, Department of
Housing Preservation and Development of the City of New York, Respondents.

Cheryl Howong Ng and Kwok Wah Ng, appellants pro se.
The Department of Housing Preservation and Development (Housing Litigation Bureau), for
respondents (no brief filed).
Elizabeth Andujar, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Jeannine
B. Kuzniewski, J.), entered September 14, 2018. The judgment, insofar as appealed from as
limited by the brief, after a nonjury trial, imposed civil penalties in favor of the Department of
Housing Preservation and Development of the City of New York and against landlords in the
amount of $2,000 in an HP proceeding.

ORDERED that the judgment, insofar as appealed from, is affirmed, without costs.
Tenant commenced this HP proceeding seeking a finding of harassment, civil penalties, and
an order directing the correction of violations. After a nonjury trial, the Civil Court found that
landlords harassed tenant, in violation of Administrative Code of the City of New York
§§ 27-2004 (a) (48) (b) and (a) (48) (g), by knowingly discontinuing essential services
and causing an act which substantially interfered with and intentionally disturbed tenant's
comfort and peace. Landlords appeal, as limited by their brief, from so much of a judgment
entered September 14, 2018 as imposed a civil penalty against them in the amount of
$2,000.
In reviewing a determination made after a nonjury trial, this court gives substantial deference
to the determination of a trier of fact as to issues of credibility, as a trial court's opportunity to
observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective
from which to assess their credibility (see Northern Westchester Professional [*2]Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d
1116 [2011]; Zeltser v
Sacerdote, 52 AD3d 824, 826 [2008]). Here, the Civil Court's finding of harassment is
supported by the record and landlords have demonstrated no basis to disturb it. Civil penalties
may be imposed upon a finding of harassment (see NY City Housing Maintenance Code
[Administrative Code of City of NY] §§ 27-2004, 27-2005 [d]; 27-2115 [m] [2]; see also Allen v 219 24th St. LLC, 67
Misc 3d 1212[A], 2020 NY Slip Op 50513[U] [Civ Ct, NY County 2020]).
Accordingly, the judgment, insofar as appealed from, is affirmed.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 22, 2021