Veraso Med. Supply Corp. v State Farm Mut. Auto. Ins. Co. (2022 NY Slip Op
51232(U))

[*1]

Veraso Med. Supply Corp. v State Farm Mut. Auto. Ins.
Co.

2022 NY Slip Op 51232(U) [77 Misc 3d 131(A)]

Decided on November 18, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 18, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2020-349 K C

Veraso Medical Supply Corp., as
Assignee of Fernandez, Mariel, Appellant,
against
State Farm Mutual Automobile Ins. Co., Respondent.

The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel), for appellant.
James F. Butler & Associates (Mohammad Q. Rubbani of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County
(Harriet L. Thompson, J.), entered April 19, 2018. The judgment, after a nonjury trial,
dismissed the complaint.

ORDERED that the judgment is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, a nonjury
trial was held, limited to the issues of whether plaintiff had fully responded to
defendant's verification requests and whether verification was outstanding prior to the
issuance of the denial. Following the trial, the Civil Court dismissed the complaint,
finding that defendant sustained its burden of establishing that plaintiff had not fully
responded to defendant's verification requests and that verification was outstanding prior
to the issuance of the denial.
In reviewing a determination made after a nonjury trial, the power of this court is as
broad as that of the trial court, and this court may render the judgment it finds warranted
by the facts, bearing in mind that the determination of a trier of fact as to issues of
credibility is given substantial deference, as a trial court's opportunity to observe and
evaluate the testimony and demeanor of the witnesses affords it a better perspective from
which to assess their credibility [*2](see Northern
Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499
[1983]; Hamilton v
Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]). In the
present case, the record supports the finding of the Civil Court, based upon its
assessment of the proof adduced at trial, that plaintiff did not fully respond to defendant's
verification requests (see CPM
Med Supply, Inc. v State Farm Fire & Cas. Ins. Co., 63 Misc 3d 140[A],
2019 NY Slip Op 50576[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019];
City Care Acupuncture, P.C. v
Allstate Prop. & Cas. Ins. Co., 58 Misc 3d 138[A], 2017 NY Slip Op
51839[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]) and that defendant
had timely denied plaintiff's claim on that ground (see 11 NYCRR 65-3.5 [o]).
Consequently, we find no basis to disturb the Civil Court's determination.
Accordingly, the judgment is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 18,
2022