Bloorian v Pittman (2021 NY Slip Op 50520(U))

[*1]

Bloorian v Pittman

2021 NY Slip Op 50520(U) [71 Misc 3d 140(A)]

Decided on June 4, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 4, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2019-1725 Q C

Saeed Bloorian, Respondent, 
against
Katrina L. Pittman, Appellant. 

Paul, Weiss, Rifkind, Wharton & Garrison, LLP (Shane D. Avidan, Adrian L. Villalobos
and Sarah E. Moseley of counsel), for appellant.
Saeed Bloorian, respondent pro se (no brief filed).

Appeal from a final judgment of the Civil Court of the City of New York, Queens County
(Tracy Catapano-Fox, J.), entered November 29, 2019. The final judgment, insofar as appealed
from and as limited by the brief, after a nonjury trial, dismissed tenant's counterclaim for breach
of the warranty of habitability in a nonpayment summary proceeding.

ORDERED that the final judgment, insofar as appealed from, is affirmed, without costs.
Landlord commenced this nonpayment proceeding on May 15, 2018, seeking possession and
rent arrears in the sum of $2,716.88. Tenant filed an answer with counterclaims for constructive
eviction, breach of the warranty of habitability and violations of Administrative Code §
27-2005 (d). Following a nonjury trial, the Civil Court dismissed the petition and tenant's
counterclaims. Tenant appeals, as limited by her brief, from so much of the final judgment as
dismissed her counterclaim for breach of the warranty of habitability.
In reviewing a determination made after a nonjury trial, the power of this court is as broad as
that of the trial court, and this court may render the judgment it finds warranted by the facts,
bearing in mind that the determination of a trier of fact as to issues of credibility is given
substantial deference, as a trial court's opportunity to observe and evaluate the testimony and
demeanor of the witnesses affords it a better perspective from which to assess their credibility
(see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492,
499 [*2][1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824,
826 [2008]).
Landlords are required to maintain properties in a habitable condition and in accord with the
uses reasonably intended by the parties (see Real Property Law § 235-b; Park W.
Mgt. Corp. v Mitchell, 47 NY2d 316 [1979]). To prevail on a defense or counterclaim based
on a breach of the warranty of habitability, a tenant must offer proof as to the dates, severity and
duration of the conditions complained of (see Sinclair v Ramnarace, 36 Misc 3d 150[A], 2012 NY Slip Op
51671[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; Anoula Realty Corp. v Weiss, 16 Misc
3d 133[A], 2007 NY Slip Op 51496[U] [App Term, 2d Dept, 2d & 11th Jud Dists
2007]), and show that notice of the conditions was given to the landlord (see Anoula Realty Corp. v Weiss, 16
Misc 3d 133[A], 2007 NY Slip Op 51496[U]; New Franconia Assoc. v Popper, 2003
NY Slip Op 51116[U] [App Term, 1st Dept 2003]). Additionally, the tenant must show that the
landlord was provided with access and an opportunity to correct the conditions, yet failed to do
so (see 150-15 79th Ave. Owners Corp.
v James, 31 Misc 3d 132[A], 2011 NY Slip Op 50506[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2011]). Here, tenant failed to offer credible proof as to the dates, severity
and duration of the conditions complained of or that landlord had notice of the conditions
complained of and failed to remedy them.
Accordingly, the final judgment, insofar as appealed from, is affirmed.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 4, 2021