34-15 Parsons Blvd., LLC v Ming Hang Zhao (2022 NY Slip Op 50283(U))

[*1]

34-15 Parsons Blvd., LLC v Ming Hang Zhao

2022 NY Slip Op 50283(U) [74 Misc 3d 134(A)]

Decided on March 4, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 4, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DONNA-MARIE E.
GOLIA, JJ

2021-317 Q C

34-15 Parsons Blvd., LLC, Respondent,
against
Ming Hang Zhao and Cai Wang, Appellants, et al., Undertenants.

Law Offices of Chen & Associates (Yimin Chen of counsel), for appellants.
Kucker, Marino, Winiarsky & Bittens, LLP (Nikolaos Preponis of counsel), for respondent.

Appeal from a decision of the Civil Court of the City of New York, Queens County (John S.
Lansden, J.), dated November 30, 2020, deemed from a final judgment of that court entered
November 30, 2020 (see CPLR 5512 [a]). The final judgment, upon the decision, after a nonjury
trial, awarded landlord possession and the sum of $36,045.49 in a nonpayment summary
proceeding.

ORDERED that the final judgment is affirmed, without costs.
Landlord commenced this nonpayment proceeding based upon rent arrears from March 2019
through November 2020. Tenants did not dispute that they had not paid the rent sought but
alleged that they were entitled to a 100% abatement based upon a breach of the warranty of
habitability due to mold, a lack of heat, and a leak. Following a nonjury trial, the Civil Court
found that rent in the sum of $50,620.49 was due but abated that amount by $14,575 to
$36,045.49, due to a mold issue. Consequently, the court awarded landlord possession and the
sum of $36,045.49. On appeal, tenants argue that the abatement was inadequate.
In reviewing a determination made after a nonjury trial, this court's power is as broad as that
of the trial court, and it may render the judgment it finds warranted by the facts, bearing in mind
that the determination of a trier of fact as to issues of credibility is given substantial deference, as
a trial court's opportunity to observe and evaluate the testimony and demeanor of [*2]the witnesses affords it a better perspective from which to assess
their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford,
60 NY2d 492, 499 [1983]; Hamilton v
Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]).
Here, tenants failed to offer credible proof as to the dates, severity and duration of a lack of
heat and a leak, or that landlord had notice of those conditions and failed to remedy them (see Bloorian v Pittman, 71 Misc 3d
140[A], 2021 NY Slip Op 50520[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2021]). The proof tenants offered at trial as to the mold condition was insufficient to sustain a
further abatement.
Accordingly, the final judgment is affirmed.
ALIOTTA, P.J., WESTON and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 4, 2022